COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


MELVIN LEROY SMITH

                                                      MEMORANDUM OPINION[*] BY
v.       Record No. 2149-06-2                    JUDGE SAM W. COLEMAN III
                                                           DECEMBER 18, 2007
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                     Joseph E. Spruill, Jr., Judge Designate

            Shama Farooq, Assistant Public Defender (Wendy B. Harris, Deputy
            Public Defender; Office of the Public Defender, on brief), for
            appellant.

            Joshua M. Didlake, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Melvin Leroy Smith was convicted of possession of cocaine with the intent to distribute.

On appeal, he asserts the evidence was insufficient to support his conviction.  We disagree.

        "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

            In considering an appellant's alternate hypothesis of innocence in a
            circumstantial evidence case, we must determine "not whether
            there is some evidence to support" the appellant's hypothesis of
            innocence, but, rather, "whether a reasonable [fact finder], upon
            consideration of all the evidence, could have rejected [the
            appellant's] theories in his defense and found him guilty of [the
            charged crime] beyond a reasonable doubt."

---

   [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Emerson v. Commonwealth, 43 Va. App. 263, 277-78, 597 S.E.2d 242, 249 (2004) (quoting

Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)). "Circumstantial

evidence is as competent and is entitled to as much weight as direct evidence, provided it is

sufficiently convincing." Stamper v. Commonwealth, 220 Va. 260, 272, 257 S.E.2d 808, 817

(1979) (citation omitted). "Whether the Commonwealth relies upon either direct or

circumstantial evidence, it is not required to disprove every remote possibility of innocence, but

is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt."

Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986).

Two Spotsylvania County detectives stopped the vehicle being driven by Smith after

following him onto Interstate 95 and observing him traveling at speeds up to 85 miles per hour in

a 65 miles-per-hour zone. Immediately upon stopping his car, Smith got out and ran, jumped the

guardrail, and fled fifty to sixty yards into the wooded area along the interstate. By the time the

detectives began to give chase, Smith had turned around and walked toward the detectives.

Smith told them he had fled because his driver's license had been suspended. However, upon

checking the status of Smith's license, the officers found it to be valid.

After one of the officers read Smith his Miranda rights, he agreed to answer the officers'

questions. When they asked him what he had thrown into the woods, he responded, "Man, don't

blame that stuff on me." The officers, not knowing in fact that he had discarded anything, called

a canine unit to the scene. The dog and its handler retrieved a plastic bag from the "exact area"

where Smith had run. The bag contained eight grams of cocaine and was found hanging from a

tree branch about waist high.

Smith maintains the evidence was insufficient to support his convictions for three

reasons: (1) the circumstantial evidence failed to prove he possessed the cocaine; (2) the

circumstantial evidence was insufficient to prove he intended to distribute the cocaine even if he

possessed it; and (3) the Commonwealth failed to satisfy the chain of custody requirements to render the cocaine admissible in evidence.

We will not address the third argument because it was not one of the Questions Presented for which an appeal was granted. <u>See</u> Rule 5A:20(c)-(e); <u>Hillcrest Manor Nursing Home v. Underwood</u>, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider "an issue . . . not expressly stated among the 'questions presented'"). The question presented in Smith's opening brief is limited to the sufficiency of the evidence and does not include the chain of custody issue.

### A. <u>Possession of Cocaine</u>

Possession of a controlled substance may be actual or constructive. <u>Archer v. Commonwealth</u>, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the appellant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

<u>Drew v. Commonwealth</u>, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting <u>Powers v. Commonwealth</u>, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). <u>See</u> <u>Eckhart v. Commonwealth</u>, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981); <u>McGee v. Commonwealth</u>, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987). "Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" <u>Burchette v. Commonwealth</u>, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting <u>Garland v. Commonwealth</u>, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." <u>Williams v. Commonwealth</u>, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004).

- 3 -

Here, the circumstantial evidence was sufficient to prove that Smith was aware of the presence and character of the cocaine found by the police and that he had abandoned it in the woods. "While mere proximity to a controlled substance is insufficient to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs." Brown v. Commonwealth, 5 Va. App. 489, 492, 364 S.E.2d 773, 774 (1988) (citations omitted).

The evidence proved more than Smith's mere close proximity to the cocaine. When the officers questioned Smith about what he had discarded in the woods he responded, "Man, don't blame that stuff on me." From this statement, the fact finder was entitled to infer that appellant knew there was contraband in the woods before the officers recovered the cocaine hanging from a tree in the exact area Smith had been seen.

Likewise, Smith's flight from his car was an additional circumstance tending to show he was "'aware of both the presence and character of the [cocaine] and that it was subject to his dominion and control.'" Drew, 230 Va. at 473, 338 S.E.2d at 845 (quoting Powers, 227 Va. at 476, 316 S.E.2d at 740). It is well established that "[f]light following the commission of a crime is evidence of guilt, and the jury may be so instructed." Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996). "Flight . . . includes the taking of any action, even of short duration, intended to disguise one's identity and distance oneself from the crime." Id. at 93-94, 472 S.E.2d at 271.

"We have held that 'in all cases of circumstantial evidence the conduct of the accused is always an important factor in the estimate of the weight of circumstances which point to his guilt.'" Morning v. Commonwealth, 37 Va. App. 679, 686, 561 S.E.2d 23, 26 (2002) (quoting Dean v. Commonwealth, 7 Va. (32 Gratt.) 912, 923 (1879)).

> [A] fact-finder, having rejected a defendant's attempted explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt. A false or evasive account is a circumstance, similar to flight from a

- 4 -

> crime scene, that a fact-finder may properly consider as evidence of guilty knowledge.

Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004) (citations omitted).

Here, the fact finder was presented not only with evidence that Smith fled, but also that he gave police a false explanation for his flight. The fact finder was entitled to conclude that Smith's flight from his car to the woods was taken with the purpose of disposing of and distancing himself from the contraband in his possession and that he deliberately lied to police about his operator's license to conceal his attempt to dispose of the cocaine in the woods.

Smith's flight, his false explanation for his flight, the discovery of the cocaine in the "exact area" in the woods where he had fled, the fact this was a remote area where cocaine would unlikely be discarded or secreted, and Smith's statement, "Don't blame that stuff on me," were sufficient for a reasonable fact finder to find him guilty of possession beyond a reasonable doubt.

### B. Intent to Distribute

Smith also maintains the evidence was insufficient to prove his intent to distribute the cocaine. He argues that the quantity of the cocaine, standing alone, was insufficient to prove intent.

"Several factors may constitute probative evidence of intent to distribute a controlled substance. These factors include the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms." McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001). "'Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it.'" Askew v. Commonwealth, 40 Va. App. 104, 109, 578 S.E.2d 58, 60-61 (2003) (quoting Gregory v. Commonwealth, 22 Va. App. 100, 110, 468 S.E.2d 117, 122 (1996)).

> The quantum of evidence necessary to prove an intent to distribute depends on the facts and circumstances of each case. In addition to evidence proving the quantity and type of drug possessed, the Commonwealth may introduce opinion testimony from law enforcement officers familiar with the habits and propensities of local drug users as to what amounts are inconsistent with personal use.

Id. at 110, 578 S.E.2d at 61.

The Commonwealth offered expert testimony from Detective Woodard that the quantity of crack cocaine in appellant's possession, 8.34 grams, was inconsistent with personal use. Woodard testified that 8.34 grams of crack cocaine was worth between $400 and $580, and noted that an "eight ball," approximately 3.5 grams, was the largest amount a cocaine user would purchase for consumption. Furthermore, he observed that crack cocaine could be ingested only by smoking it, and no smoking device was found in Smith's possession. He also noted that a razor blade recovered from Smith's car was consistent with distribution because a razor blade is typically used by dealers to cut crack cocaine into smaller pieces.

When examining the sufficiency of the evidence, this Court must "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see Code § 8.01-680. We do not, therefore, "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

- 6 -

Based upon the controlling standard of review and the specific facts of this case, we hold the evidence was sufficient to prove Smith possessed the cocaine with the intent to distribute.

<u>Affirmed.</u>