**Salem**

JAMES THOMAS CLAXTON

v.

CITY OF LYNCHBURG

No. 0127-91-3

Decided September 29, 1992

COUNSEL

John Randolph Nelson (Nelson & Bice, on brief), for appellant.

B. Leigh Drewry, Jr., Assistant Commonwealth's Attorney, on brief, for appellee.

OPINION

**KOONTZ, C.J.**—James Thomas Claxton (Claxton), appellant, was convicted of driving under the influence (DUI) as a second offense and refusing to submit to a blood or breath test. Claxton contends that the evidence, which included certain incriminating statements he made to the arresting officer, was insufficient to establish the *corpus delicti* of the offense of DUI. The sole issue on appeal is whether the evidence was sufficient to support Claxton's conviction for DUI.[1] For the reasons that follow, we find that sufficient evidence supports the conviction and, accordingly, we affirm.

On October 2, 1990, at 6:08 p.m., Officer D. E. Smith of the Lynchburg Police Department was dispatched to 1823 Ivy Street in the City of Lynchburg in response to a call involving a single vehicle accident. Upon arrival at 6:11 p.m., Officer Smith found a gray Chevrolet in the front yard of the residence. The front end of the vehicle was "up

---

[1] Claxton also challenged the validity of his conviction for refusal to submit to a blood or breath test. As this court has no jurisdiction over the appeal of that conviction, *Commonwealth v. Rafferty*, 241 Va. 319, 402 S.E.2d 17 (1991), the portion of the appeal relating to that conviction is transferred to the Supreme Court of Virginia pursuant to Code § 8.01-677.1

against" the concrete landing of the right front of the house. Claxton was standing next to the driver's door of the vehicle.

Claxton told Officer Smith that he had been driving and a raccoon had run out in front of him and caused the accident. The officer detected a "very strong odor of alcohol on [Claxton's] breath." He also observed that Claxton's eyelids were very heavy and that he swayed back and forth as he talked. Claxton told Smith he had "a couple of beers," the last one being at approximately ten that morning.

After refusing to perform field sobriety tests, Claxton said, "I had too much to drink to be driving," "Go ahead and take me to jail," "I have no business being in this person's yard," "I'm sorry," and "I will take my punishment." Claxton was arrested for DUI at 6:27 p.m. He refused to submit to a blood or breath test.

In reviewing the sufficiency of the evidence on appeal, we are guided by well-settled principles. .

> "[W]e review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."

*Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

■■■ The term *corpus delicti*, meaning "the body of a crime," refers to "the objective proof or substantial fact that a crime has been committed." *Black's Law Dictionary* 344 (6th ed. 1990). The *corpus delicti* of a crime "ordinarily includes two elements: the act and the criminal agency of the act." *Id.* The *corpus delicti* of driving while intoxicated includes proof of two facts: " '(1) that the defendant was operating or driving a motor vehicle, and (2) that he was under the influence of intoxicants at the time he was driving or operating it.' " *Potts v. Commonwealth*, 12 Va. App. 1093, 1096, 408 S.E.2d 256, 257 (1991) (quoting *Nicolls v. Commonwealth*, 212 Va. 257, 258, 184 S.E.2d 9, 10 (1971)).

Claxton contends that the evidence was insufficient to prove the *corpus delicti* of DUI. Although Claxton concedes the evidence shows

that he was intoxicated when the officer arrived and that he was driving a vehicle at some undetermined time, he alleges that the evidence does not prove that he was driving while intoxicated. Thus, the crux of Claxton's argument is that the City failed to prove that the driving and intoxication were contemporaneous.

Before reviewing the sufficiency of the evidence, we must first decide whether Claxton's statements to Officer Smith constitute a confession. Claxton urges us to find that his statements to Officer Smith amounted to an admission, not a confession. The City, however, contends that these statements amount to a full confession because Claxton admitted all the elements of the crime.

■ A confession is "'a statement admitting or acknowledging all facts necessary for conviction of the crimes'" charged, while an admission admits of "'facts tending to prove guilt but falling short of an admission to all essential elements of the crime.'" *Caminade v. Commonwealth*, 230 Va. 505, 510, 338 S.E.2d 846, 849 (1986) (quoting Edward W. Cleary, *McCormick's Handbook of the Law of Evidence* § 144, at 362 (3d ed. 1984)). Claxton's statements to Officer Smith revealed that he had been driving a motor vehicle, he had an accident while driving, and he had consumed alcohol earlier that day. He also stated that he thought he had consumed too much alcohol to be driving, that he was unlawfully in someone else's yard, and that he expected to go to jail and be punished. Because Claxton admitted that he was driving while intoxicated, we hold that these statements constitute a confession of guilt.

Having found that these statements constitute a confession, rather than an admission, we must next decide whether the evidence was sufficient to prove the *corpus delicti* of DUI.

■ "In Virginia an extrajudicial confession of an accused that he committed the offense with which he is charged is not, alone and uncorroborated, adequate proof of the *corpus delicti*." *Jefferson v. Commonwealth*, 6 Va. App. 421, 424, 369 S.E.2d 212, 214 (1988). "Where 'the commission of the crime has been fully confessed by the accused, only *slight* corroborative evidence is necessary to establish the *corpus delicti*.'" *Id.* (quoting *Clozza v. Commonwealth*, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984), *cert. denied*, 469 U.S. 1230 (1985)). The corroborative evidence is sufficient if, when taken with the evidence of the confession, it proves the commission of a crime beyond a reasonable doubt. *Id. See also Reid v. Commonwealth*, 206

Va. 464, 468, 144 S.E.2d 310, 313 (1965). Therefore, the issue is whether the independent evidence produced by the City, when considered with Claxton's confession, established Claxton's guilt beyond a reasonable doubt.

Officer Smith received a call reporting a single car accident at 1823 Ivy Street. When Smith arrived at the residence a few moments later, he saw Claxton standing next to the driver's side door of a vehicle. The car was in the front yard, resting "up against" the concrete landing of the house. Officer Smith testified that Claxton's eyelids were very heavy and he swayed back and forth as he talked. Smith detected a very strong odor of alcohol on Claxton's breath. This evidence provides more than "slight corroborative evidence." Accordingly, we hold that Officer Smith's testimony, taken together with Claxton's confession, provides sufficient evidence establishing the *corpus delicti. See Wheeling v. City of Roanoke*, 2 Va. App. 42, 44, 341 S.E.2d 389, 390 (1986) (holding that Wheeling's admission that he consumed several alcoholic beverages, the testimony of the arresting officer regarding Wheeling's appearance and lack of coordination, and the inference of intoxication were sufficient to support the DUI conviction).

For these reasons, the conviction for driving under the influence is affirmed.

*Affirmed.*

Coleman, J., and Moon, J., concurred.