THE COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


ADRIAN O'BRIAN MORNING, S/K/A
 ANDRIEN O'BRIAN MORNING
                                         OPINION BY
v.    Record No. 1604-01-1         JUDGE ROBERT J. HUMPHREYS
                                         MARCH 19, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Verbena M. Askew, Judge

          A. J. Stone, Jr., for appellant.

          Michael T. Judge, Assistant Attorney General,
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Adrian O'Brian Morning appeals from his conviction in a

bench trial of two counts of carnal knowledge of a minor.  The

sole issue on appeal is whether the trial court erred in denying

his motion to strike the evidence, based upon the failure of the

Commonwealth to present evidence corroborating his confession.

For the reasons that follow, we affirm his convictions.


                    I.   BACKGROUND

     N.J., age thirteen, left her mother's home around midnight

on October 31, 2000.  Her mother subsequently filed a "runaway

report" with the Newport News Police Department.

     On November 1, 2000, police officers were dispatched to

appellant's residence, at 163-B Delmar Lane in Newport News, in

reference to "a runaway that would be at that location."  The residence was owned by appellant's grandmother.

Upon arrival, the officers explained to appellant and his grandmother that the police had received information N.J. was at the residence.  Appellant told the officers he had not seen N.J., and his grandmother responded there was no one in her home "that shouldn't be there."  Appellant's grandmother gave the officers permission to search the home.  However, appellant objected, stating that "[h]e had not seen [N.J.] and nobody was there."  The officers responded that the police had "good information" that N.J. was there and that she was "a minor."  Appellant reiterated that N.J. was not at the home and stated once again that he had not seen her.  Nevertheless, based upon the consent of appellant's grandmother, the officers searched the residence.  They located N.J. in the closet of appellant's bedroom.

Later that day, Detective T.D. Steverson of the Newport News Police Department advised appellant of his Miranda rights.[1]  Appellant waived his rights and gave Steverson a statement.  In his statement, appellant admitted he was twenty years old and said he had known N.J. for about one month.  He stated that on October 31, he was picked up by an individual and that N.J. was

_____

[1] Referring to the Fifth Amendment rights to remain silent and to have counsel present during questioning by police first annunciated in Miranda v. Arizona, 384 U.S. 436 (1966).

-

already in the car.  Appellant told Steverson they went to a movie - "The Blair Witch Project" - in Hampton and that he and N.J. "engaged in kissing while watching the movie."

Appellant told Steverson that after the movie the driver picked them up and drove N.J. home, before dropping him off at a store.  A short time later, the driver picked appellant up once again, and the two returned to N.J.'s home to pick her up. Appellant told Steverson that the driver then took him and N.J to a Motel 6 in Newport News, where he and N.J. spent the night together.  Appellant stated that during their stay in the motel room, he and N.J. engaged in both oral sex and intercourse. Appellant claimed he thought N.J was seventeen years old. Appellant was ultimately charged with two counts of carnal knowledge of a minor, in violation of Code § 18.2-63.[2]

---

[2] Code § 18.2-63 provides as follows, in relevant part:

> If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony.

> However, if such child is thirteen years of age or older but under fifteen years of age and consents to sexual intercourse and the accused is a minor and such consenting child is three years or more the accused's junior, the accused shall be guilty of a Class 6 felony. If such consenting child is less than three years the accused's junior, the accused shall be guilty of a Class 4 misdemeanor.

> *       *       *       *       *       *       *

-

At trial, N.J. confirmed nearly every point of appellant's confession, including the fact that she and appellant had slept in the same bed at the Motel 6. However, when the prosecutor asked N.J. if "something happened between the two of [them] while [they] were in the same bed," N.J. responded that she "did not want to talk about it." When reminded by the prosecutor that she was under oath, N.J. testified that they just "talked and watched [television]."

Upon further questioning, N.J. testified that the defendant "never asked [her] to have sex with him." Instead, she testified that she asked to have sex with him, but stated that he refused because "sometimes [her] best friend was around and his cousins and friends were around." When N.J. was reminded that there was no one else in the motel room, N.J. insisted that "nothing happened" and that appellant had tried to convince her to return to her mother's home.

At the close of the Commonwealth's case, appellant moved the trial court to strike the Commonwealth's evidence on the ground that the Commonwealth's "evidence cannot rise any higher than their witness." The Commonwealth responded that "a confession

---

For the purposes of this section, (i) a child under the age of thirteen years shall not be considered a consenting child and (ii) "carnal knowledge" includes the acts of sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, and animate and inanimate object sexual penetration.

requires only a slight corroboration," and argued it had met this burden. The trial court then denied the motion to strike, finding the Commonwealth's evidence was "sufficient," based upon N.J.'s corroboration of the events that had taken place, as well as her demeanor on the witness stand. At that point, the appellant rested without presenting evidence and renewed his motion to strike, arguing that the Commonwealth had failed to prove the charges beyond a reasonable doubt because "[the] evidence [could not] rise higher than their own witness who [said] nothing happened." The trial court again denied the motion to strike and convicted appellant.

## II. Analysis

On appeal, appellant argues the Commonwealth failed to prove the corpus delicti by its failure to corroborate his confession. We disagree.[3]

---

[3] The Commonwealth argues that Morning's appeal on this issue is barred pursuant to Rule 5A:18. It contends that because Morning argued only that the Commonwealth's evidence could not rise "any higher than their witness," any argument concerning corroboration was waived for purposes of appeal. We disagree. "'The goal of the contemporaneous objection rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action.'" Zook v. Commonwealth, 31 Va. App. 560, 568, 525 S.E.2d 32, 36 (2000) (quoting Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991)). Here, the Commonwealth raised the corroboration issue in its response to Morning's motion to strike, and the trial court considered the issue in making its ruling. Thus, we find that the issue was properly preserved and consider it on the merits.

It is well settled that in order to obtain a conviction, in every criminal prosecution, the Commonwealth must prove the element of corpus delicti - that is, the fact that the crime charged has been actually perpetrated.[4]  However, "[a] conviction cannot be based solely on the uncorroborated statement of a person that a crime has occurred and that he committed it.  The corpus delicti cannot be established by a confession of the accused uncorroborated by any other evidence."[5]  Nevertheless, "'[w]here "the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to establish the corpus delicti."'"[6]  "The corroborative evidence is sufficient if, when taken with the evidence of the confession, it proves the commission of a crime beyond a reasonable doubt."[7]

N.J.'s testimony corroborated Morning's confession on nearly every point, with the exception of the sexual activity. When asked about the sexual activity, N.J. became visibly upset

---

[4] See Maughs v. City of Charlottesville, 181 Va. 117, 120, 23 S.E.2d 784, 786 (1943).

[5] Hamm v. Commonwealth, 16 Va. App. 150, 157, 428 S.E.2d 517, 522 (1993).

[6] Id. (quoting Jefferson v. Commonwealth, 6 Va. App. 421, 424, 369 S.E.2d 212, 214 (1988) (quoting Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984))).

[7] Claxton v. City of Lynchburg, 15 Va. App. 152, 155, 421 S.E.2d 891, 893 (1992).

-

and refused at first to answer the question.  When pressed, she ultimately gave an explanation that the trial judge as fact finder disbelieved as to why the two had not engaged in the alleged sexual activity.

We have long held that where a trial court sitting without a jury hears witnesses testify and observes their demeanor on the stand, it has the right to believe or disbelieve their statements.[8]  Moreover, the finding of the judge on the credibility of the witnesses and the weight to be given their evidence, unless plainly wrong or without evidence to support it, cannot be disturbed.[9]  Here, although N.J. denied the sexual activity, her testimony corroborated the remaining details of appellant's confession.  This fact, taken with the evidence of appellant's confession, was sufficient evidence upon which the trier of fact could reasonably find that N.J. lied about the sexual activity and, therefore, could reasonably find that the crime occurred beyond a reasonable doubt.  Thus, here, the "slight corroborative evidence" was sufficient to establish the corpus delicti "when taken with the evidence of the confession."[10]

---

[8] Lane v. Commonwealth, 184 Va. 603, 611, 35 S.E.2d 749, 752 (1945).
[9] Id.
[10] Claxton, 15 Va. App. at 155-56, 421 S.E.2d at 893-94.

-

In addition to the above, other evidence demonstrated that Morning attempted to conceal his relationship with N.J. by lying to the police about his knowledge of N.J.'s whereabouts.  We have held that "[i]n all cases of circumstantial evidence the conduct of the accused is always an important factor in the estimate of the weight of circumstances which point to his guilt."[11] Appellant's words and deeds following the incident were factors equally as important as his earlier conduct in establishing the commission of a crime in this case.  The testimony of Officer Smith established that appellant deliberately lied to the police in order to conceal what had happened.  Significantly, he persisted in that falsehood until the police found N.J. hiding in his bedroom closet.

The inferences to be drawn from proven facts are within the province of the trier of fact so long as the inferences are reasonable and justified.[12]  From this evidence, the trial judge could have reasonably concluded that appellant's conduct was not that of a man innocently involved with a teenager who had run away from home.  Thus, we find the evidence sufficient as a matter of law to substantiate the truth of Morning's confession.  Therefore,

---

[11] Dean v. Commonwealth, 73 Va. (32 Gratt.) 912, 923 (1879).
[12] See O'Brien v. Commonwealth, 4 Va. App. 261, 263, 356 S.E.2d 449, 450 (1987).

-

the trial court did not err in denying appellant's motion to strike.

Affirmed.