COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued at Salem, Virginia


CHRISTOPHER R. PATRICK

MEMORANDUM OPINION[*] BY
v.      Record No. 2716-05-3      JUDGE WILLIAM G. PETTY
OCTOBER 17, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
Herman A. Whisenant, Jr., Judge Designate

George W. Nolley[1] for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Christopher R. Patrick appeals his conviction for sexual battery in violation of Code

§ 18.2-67.4. On appeal, he challenges the sufficiency of the evidence. After determining the

Commonwealth presented sufficient evidence to sustain the conviction, we affirm.

I. BACKGROUND

When reviewing an appeal challenging the sufficiency of the evidence, "the evidence and

all reasonable inferences flowing therefrom must be viewed in the light most favorable to the

prevailing party in the trial court." Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d

781, 786 (2003). We must also "'discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences that may be drawn therefrom.'" Craddock v. Commonwealth, 40 Va. App.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] David B. Bice served as Patrick's court-appointed attorney at trial.

539, 542-43, 580 S.E.2d 454, 456 (2003) (quoting Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003)).

So viewed, the evidence presented at trial revealed that in the early morning hours of July 2, 2004, the female victim, who was ill, drove to a grocery store in Altavista to buy medicine. She brought her two young children with her because she was without child care that evening. On her way home, she pulled off the main road to give her son a bottle.

Because the victim's car did not have air conditioning, she kept her windows down. While pulled over tending to her child, Patrick drove up behind her, parked, and walked up to her vehicle. She testified that she had just met him that day and had not expected to see him that night.

Patrick told the victim he was taking her and the children with him to Maryland. Then, he exposed his penis, grabbed her right arm as she attempted to get away, and struggled to force her to touch his penis. During this struggle, he also attempted to reach between her legs, touch her breasts, and kiss her neck.

At trial, Patrick testified that he saw the victim during the early morning hours of July 2, 2004, and that the victim "touched [his penis]" and "pulled it out." Soon after the incident, he told police that he had touched the victim's breast and gave three different accounts concerning how his penis was exposed to the victim.

Defense counsel did not move to strike the evidence at the end of the Commonwealth's case-in-chief or at the close of evidence. Instead, during closing argument, defense counsel challenged the victim's veracity in the following summation:

> Now, with regards to the sexual battery, certainly, again, she states that he did not touch her between the legs. She does state that he touched her on the breasts. Ah-so the question becomes, what was the intent of the parties with this touching. If the court accepts that she was touched on the breast, the court may also accept that they had mutually embraced and that that was just

- 2 -

a-ah-ah-a follow-up to what had already occurred where she had touched his genitalia.

You know, it really stretches the imagination to think that this young lady with a one year old and a two year old or a two year old and a three year old is out cruising the streets at two in the morning and that, conveniently, her mother just happens to have gone to Wal-Mart at the same time. There is absolutely no description of work schedules-of any requirement that led to this. This is a Friday evening and this young gal was out for a good time and she was trying to hook up with somebody and she had the poor, poor judgment to just drag her kids along with her with whom she has testified she no longer has custody.

II. ANALYSIS

Sufficiency of the Evidence

Patrick argues the evidence fails to support his conviction for sexual battery. He contends that the victim consented to the sexual activity and, alternatively, that the Commonwealth's evidence was only sufficient to convict him of assault and battery.

When an appellant challenges the sufficiency of the evidence on appeal, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (internal citations and quotation marks omitted). We do not "substitute our judgment for that of the trier of fact . . . ." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). We are mindful that "[g]reat deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).

To preserve a sufficiency of the evidence issue for appeal "the defendant must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict." Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). The sufficiency challenge must be made with "some

- 3 -

specificity" in the trial court proceedings. <u>Mounce v. Commonwealth</u>, 4 Va. App. 433, 435, 357

S.E.2d 742, 744 (1987). "No ruling of the trial court . . . will be considered as a basis for

reversal unless the objection was stated together with the grounds therefor at the time of the

ruling . . . ." Rule 5A:18; <u>see also</u> <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 220, 487 S.E.2d

269, 272 (1997) ("The laudatory purpose behind Rule 5A:18 . . . is to require that objections be

promptly brought to the attention of the trial court with sufficient specificity that the alleged

error can be dealt with and timely addressed and corrected when necessary.").

Patrick was indicted under Code § 18.2-67.4, which provides in pertinent part: "[a]n

accused is guilty of sexual battery if he sexually abuses . . . []the complaining witness against

[her] will . . . by force, threat, intimidation, or ruse . . . ." Code § 18.2-67.10 defines "sexual

abuse" as

> an act committed with the intent to sexually molest, arouse, or
> gratify any person, where:
>
> The accused intentionally touches the complaining witness's
> intimate parts[2] or material directly covering such intimate parts;
>
> The accused forces the complaining witness to touch the
> accused's, the witness's own, or another person's intimate parts or
> material directly covering such intimate parts[.]

Code § 18.2-67.10(6)(a) & (b) (footnote added).

Defense counsel neither moved to strike the evidence as insufficient to prove the

elements of sexual battery nor did he move to set aside the verdict. <u>See</u> <u>Lee v. Lee</u>, 12 Va. App.

512, 515, 404 S.E.2d 736, 738 (1991). However, in a bench trial, the sufficiency of the evidence

may be raised during closing argument. Here defense counsel's closing argument focused on the

credibility of the victim. He argued that she either consented to or initiated the sexual contact

---

[2] "Intimate parts" are defined as "the genitalia, anus, groin, breast, or buttocks of any
person." Code § 18.2-67.10(2).

with Patrick. A challenge to the sufficiency of one element of a crime does not preserve for appeal a challenge to another element of the same crime. See Redman, 25 Va. App. at 220, 487 S.E.2d at 272.

Consent

Patrick contends the evidence is insufficient to support his sexual battery conviction because the Commonwealth failed to prove that the touching was against the will of the victim. We disagree, and conclude the record contains sufficient evidence to sustain this element.

Among the evidence presented at trial, the victim testified that after Patrick approached her vehicle "things happened that [she] didn't like" and he "pulled his private area out and tried to make [her] grab him." She testified that he tried to "reach between her legs" and "for her breasts" and "grabbed her right arm." Finally, when asked if she tried to get away, the victim responded, "I started to but he grabbed my arm."

At the conclusion of the trial, the judge specifically ruled the victim's testimony was credible. The law is well settled that "where a trial court sitting without a jury hears witnesses testify and observes their demeanor on the stand, it has the right to believe or disbelieve their statements." Morning v. Commonwealth, 37 Va. App. 679, 686, 561 S.E.2d 23, 26 (2002); see also Wilson v. Commonwealth, 46 Va. App. 73, 87, 615 S.E.2d 500, 507 (2005). Further, in a bench trial, the trial judge as "fact finder has the right to reject parts of the evidence as untrue and accept other parts." Tooke v. Commonwealth, 47 Va. App. 759, 768, 627 S.E.2d 533, 537 (2006) (citing Belton v. Commonwealth, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958)).

The Commonwealth presented sufficient evidence at trial to prove Patrick sexually abused the victim against her will.

- 5 -

<u>Force, Threat, Intimidation, or Ruse</u>

Patrick also argues the Commonwealth failed to establish that he sexually abused the victim against her will by force, threat, intimidation, or ruse. Our review of the pertinent trial transcripts, including the closing argument, leads us to conclude that defense counsel failed to specifically challenge the sufficiency of the evidence proving this element. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); <u>see also</u> Rule 5A:18. Appellant did not make this argument to the trial court; therefore, Rule 5A:18 bars our consideration of this question on appeal.

<u>Ends of Justice</u>

At oral argument, Patrick's attorney requested that the Court invoke the ends of justice exception to consider any issue we determined was not properly preserved; however, he did not concede that any issue was not properly preserved. Additionally, in his opening brief, Patrick failed to identify any alleged error to which the "good cause" or "ends of justice" exceptions to Rule 5A:18 apply. Consistent with our prior holdings, we will not invoke either exception *sua sponte*. <u>Widdifield v. Commonwealth</u>, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*).

To invoke the exception, Patrick has the burden of affirmatively showing that a miscarriage of justice has occurred, not "that a miscarriage *might* have occurred." <u>Mounce</u>, 4 Va. App. at 436, 357 S.E.2d at 744 (emphasis in original); <u>see also</u> <u>Redman</u>, 25 Va. App. at 221, 487 S.E.2d at 272. The trial error must be "clear, substantial and material." <u>Brown v. Commonwealth</u>, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). This provision is narrow and applied only when a "grave injustice or the denial of essential rights" has occurred by way of a procedural default. <u>Charles v. Commonwealth</u>, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005).

Patrick has failed to meet this burden; therefore, we decline to apply the ends of justice exception.

### III. CONCLUSION

For these reasons, we affirm Patrick's conviction for sexual battery.

<u>Affirmed.</u>