COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


TIMOTHY ARNOLD BERRY
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1212-09-2          JUDGE ROBERT J. HUMPHREYS
                                                            MAY 25, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Thomas V. Warren, Judge

Brian S. Foreman (Bowen, Champlin, Foreman & Rockecharlie, on
briefs), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Timothy Arnold Berry ("Berry") appeals his conviction for grand larceny, in violation of

Code § 18.2-95.  On appeal, Berry contends that the trial court abused its discretion in admitting:

(1) a surveillance video into evidence without proper authentication and (2) the opinion

testimony of Deputy Moller concerning the identity of the vehicle depicted in the surveillance

video.  In addition, Berry argues that the evidence is insufficient to sustain his conviction.  For

the following reasons, we disagree with Berry and affirm his conviction.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of this appeal.  We view those

facts "'in the light most favorable to the prevailing party in the trial court,'" in this case the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth.  Parker v. Commonwealth, 275 Va. 150, 155, 654 S.E.2d 580, 583 (2008) (quoting Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)).

## I.  Evidentiary Issues

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'"  Bell v. Commonwealth, 49 Va. App. 570, 576, 643 S.E.2d 497, 500 (2007) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).  "However, '[a] trial court has no discretion to admit clearly inadmissible evidence because admissibility of evidence depends not upon the discretion of the court but upon sound legal principles.'"  Commonwealth v. Wynn, 277 Va. 92, 98, 671 S.E.2d 137, 139 (2009) (quoting Norfolk & Western Ry. Co. v. Puryear, 250 Va. 559, 563, 463 S.E.2d 442, 444 (1995)).

## A.  The Surveillance Video

At trial, the Commonwealth sought to introduce into evidence a surveillance video taken from the scene of the larceny, the rear parking lot of an Exxon station in Chesterfield County. The surveillance video showed an older Ford pickup truck, similar to Berry's, entering the station's rear parking lot after hours and leaving with the tow dolly.  Berry argues that the trial court abused its discretion in admitting the surveillance video into evidence.  Berry maintains that the Commonwealth did not properly authenticate the surveillance video since it presented no evidence demonstrating either the date or the time of its creation.  Absent such authentication, Berry contends that the Commonwealth could not establish the video's relevance.

The "[a]dmissibility of videotapes is governed by the same rules that are applicable to photographs."  Charles E. Friend, The Law of Evidence in Virginia § 13-12(f), at 542 (6th ed. 2003).  Therefore, "[i]f the court determines that the information on the tape is relevant and that the probative value of its contents outweighs any prejudicial effect, it should be admitted."

Brooks v. Commonwealth, 15 Va. App. 407, 410, 424 S.E.2d 566, 569 (1992). However, "the party offering [the videotape] must authenticate it and show that it is relevant." Id. In addition, the proponent of the videotape must demonstrate that "the tape is an accurate representation of what it purports to depict." Friend, supra, at 542.

At trial, Detective Jeff Baush ("Baush) testified that the surveillance video depicted the rear parking lot of the Exxon station and that he personally collected the video from the station's surveillance camera using a "thumb drive." Baush further testified that he downloaded the video onto his computer, which was password protected, and then emailed the video to Deputy James L. Moller ("Moller"). The Commonwealth introduced the surveillance video into evidence in order to show a pickup truck, which bore a striking resemblance to Berry's, leave the Exxon station with a tow dolly after the business was closed. In that context, the surveillance video was properly offered as a "'mute,' 'silent,' or 'dumb' independent photographic witness[]." Brooks, 15 Va. App. at 410, 424 S.E.2d at 569 (quoting Ferguson v. Commonwealth, 212 Va. 745, 746, 187 S.E.2d 189, 190, cert. denied, 409 U.S. 861 (1972)). The trial court found Baush's testimony sufficient to authenticate the surveillance video. The trial court further found that "any other defects would go solely to the weight of the evidence not the admissibility." Under the circumstances, we cannot say, as a matter of law, that the trial court abused its discretion in so finding.

## B. Opinion Testimony

Once the surveillance video was admitted into evidence, the Commonwealth recalled Moller to the witness stand. Moller testified that the truck in the surveillance video had similar markings to Berry's vehicle. In addition, Moller testified that, based on "the shape and the headlights," both vehicles were "90's" Ford trucks. Berry objected to Moller's testimony, arguing that it was merely "his opinion" and that "[t]he photographs and video speak for

- 3 -

themselves." The trial court overruled Berry's objection: "I will allow him to point out things that need to be pointed out. Whether it's accurate or not I don't know. You will cross examine on it."

Berry contends that the trial court abused its discretion in allowing Moller to testify as to his opinion concerning the similarities between Berry's truck and the truck depicted in the surveillance video. Essentially, Berry maintains that the trial court permitted Moller to testify to "the ultimate fact in issue in the case." However, because Berry did not make this argument to the trial court during his objection to Moller's testimony, we will not consider it on appeal. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."); see also Rule 5A:18.

During his objection to Moller's testimony, Berry argued that "[Moller] stated his opinion, Your Honor. The photographs and video speak for themselves." Berry did not argue in the trial court, as he does now on appeal, that Moller testified to "the ultimate fact in issue in the case." Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. See Nelson v. Commonwealth, 50 Va. App. 413, 420-21, 650 S.E.2d 562, 566 (2007). A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). Consequently, this issue is not properly before us on appeal.

## II. Sufficiency of the Evidence

Finally, Berry contends that the evidence adduced at trial was insufficient to sustain his conviction for grand larceny. Specifically, Berry argues that the evidence presented by the Commonwealth: (1) established only "a mere suspicion" of criminal agency, (2) failed to

- 4 -

exclude his reasonable hypothesis of innocence, and (3) failed to demonstrate that the value of the stolen goods exceeded the $200 statutory threshold for grand larceny. We disagree.

"When considering a challenge that the evidence presented at trial is insufficient, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Baylor v. Commonwealth, 55 Va. App. 82, 86, 683 S.E.2d 843, 845 (2009) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). In conducting this analysis, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. Furthermore, "'[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.'" Lunsford v. Commonwealth, 55 Va. App. 59, 60, 683 S.E.2d 831, 832 (2009) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995)).

Code § 18.2-95 provides, in pertinent part, that "[a]ny person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ."

In this case, the evidence established that, on January 31, 2007, Berry drove to Anderson Tires and sold a "U-Haul" tow dolly to Wells for $100. Though Berry maintained that he sold Wells Ford factory rims, not a tow dolly, Wells positively identified both Berry and his vehicle at trial. In addition, a photograph from the bank's video surveillance system shows Berry driving a

pickup truck at the time he deposited Wells' check. The photograph refutes Berry's testimony that he drove his Honda Accord to Anderson Tires and then went straight to the bank. Furthermore, a surveillance video taken from the crime scene depicts a Ford pickup truck pulling a tow dolly off the Exxon station's rear parking lot. Moller testified that Berry's vehicle and the vehicle in the surveillance video were both 1990's Ford pickup trucks and contained "similarities in the paint pattern." Finally, Martin testified that the value of the tow dolly was between "$1,500 and $1,700." Viewed in the light most favorable to the Commonwealth, we hold that the evidence adduced at trial was more than sufficient to sustain Berry's conviction for grand larceny.

For the first time on appeal, Berry contends that the Commonwealth failed to prove that the value of the tow dolly exceeded the $200 statutory threshold to sustain a conviction for grand larceny. Berry points to Baylor in support of his contention. However, because Berry failed to make this argument to the trial court, we will not consider it on appeal. See Ohree, 26 Va. App. at 308, 494 S.E.2d at 488; see also Rule 5A:18.

At no point during his motion to strike did Berry argue that the evidence was insufficient as to the value of the tow dolly. Rather, Berry argued that the Commonwealth's evidence was "a whole lot of circumstantial smoke" and failed to establish his criminal agency. In fact, Berry's argument during his motion to strike focused *entirely* on the evidence of his criminal agency. Nevertheless, Berry contends that, because the Commonwealth raised the issue of value during its closing argument and the trial court expressly found the evidence sufficient as to the value of the dolly, this issue was sufficiently preserved for appellate review. Berry points to Morning v. Commonwealth, 37 Va. App. 679, 561 S.E.2d 23 (2002), in support of his contention. However, we find the facts of this case readily distinguishable from those of Morning.

- 6 -

In <u>Morning</u>, the defendant appealed his two convictions for carnal knowledge of a minor on the grounds that the Commonwealth failed to present evidence corroborating his confession. <u>Id.</u> at 682, 561 S.E.2d at 24.  During his motion to strike, the defendant argued that "the Commonwealth's 'evidence cannot rise any higher than their witness.'" <u>Id.</u> at 684, 561 S.E.2d at 25.  In response, the Commonwealth maintained, "'a confession requires only a slight corroboration.'" <u>Id.</u>  Ultimately, the trial court denied the defendant's motion to strike and found him guilty of the offenses.  On appeal, this Court found the issue of corroboration was sufficiently preserved for appeal because "the Commonwealth raised the corroboration issue in its response to [the defendant's] motion to strike, and the trial court considered the issue in making its ruling." <u>Id.</u> at 685 n.3, 561 S.E.2d at 25 n.3.

What distinguishes <u>Morning</u> from this case is the context in which each motion to strike was made.  When <u>Morning</u> argued during his motion to strike that "the Commonwealth's 'evidence cannot rise any higher than their witness,'" it was clear from the record that Morning was specifically challenging the degree to which the Commonwealth's witness corroborated his confession. <u>Id.</u> at 684, 561 S.E.2d at 25.  Indeed, that was the sole basis for Morning's motion to strike.  In contrast, during his motion to strike, Berry failed to make even the slightest argument with respect to the evidence of the value of the tow dolly.  Rather, Berry's argument focused entirely on the sufficiency of the Commonwealth's evidence with respect to his identity as the perpetrator.  Thus, unlike the defendant in <u>Morning</u>, Berry did not sufficiently preserve the value issue for appeal.

Despite his failure to present his argument to the trial court, Berry asks this Court to invoke the "ends of justice" exception to Rule 5A:18 to consider it now.  "The 'ends of justice' exception to Rule 5A:18 is 'narrow and to be used sparingly.'" <u>Thomas v. Commonwealth</u>, 56 Va. App. 1, 5, 690 S.E.2d 298, 300 (2010) (quoting <u>Pearce v. Commonwealth</u>, 53 Va. App. 113,

123, 669 S.E.2d 384, 390 (2008)). "In order to avail oneself of the [ends of justice] exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Berry can meet this burden in one of two ways. He must demonstrate either that: "(1) the conduct for which he was convicted was not a criminal offense or (2) 'the record affirmatively prove[s] that *an element of the offense did not occur . . . .*'" Thomas, 56 Va. App. at 5, 690 S.E.2d at 300 (quoting Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272) (emphasis added). After a thorough examination of the record, we find no reason to invoke the "ends of justice" exception in this case. Accordingly, we affirm Berry's conviction for grand larceny.

Affirmed.