COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present:   Chief Judge Huff, Judges Alston and AtLee
Argued by teleconference


JOHN WILKES TRENT, SR.

MEMORANDUM OPINION[*] BY
v.        Record No. 0350-17-3        CHIEF JUDGE GLEN A. HUFF
DECEMBER 19, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Victor V. Ludwig, Judge

Dana R. Cormier (Dana Cormier, P.L.C., on brief), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


John Wilkes Trent, Sr., ("appellant") appeals his convictions for carnal knowledge of a

minor, in violation of Code § 18.2-63, and for possession of a Schedule I/II controlled substance,

in violation of Code § 18.2-250.  Following a bench trial in the Circuit Court of Augusta County

("trial court"), the trial court sentenced appellant to a total of fifteen years' imprisonment.[1]

Appellant raises two assignments of error:

> 1.   The trial court erred by finding sufficient evidence to convict
>      [appellant] of carnal knowledge without force, age of victim
>      13-14, in violation of Va. Code § 18.2-63 because the
>      Commonwealth presented insufficient corroboration of
>      Mr. Trent's extrajudicial confession, thus failing to prove the
>      *corpus delicti* of the crime.
>
> 2.   The trial court properly granted [appellant's] motion to strike
>      (on double jeopardy grounds) one count of possessing
>      oxycodone with the intent to distribute, but the trial court then

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court also convicted appellant of other drug possession and distribution counts
not at issue in this appeal.

erred when it sentenced [appellant] on the lesser included charge of simple possession on that same dismissed charge. Because the trial court erroneously sentenced [appellant] on a dismissed charge, the "ends of justice" exception under Rule 5A:18 authorizes this Court to review the error and reverse the trial court's judgment.

For the reasons that follow, this Court affirms appellant's conviction for carnal knowledge of a minor but reverses and dismisses the conviction for possession of a controlled substance and remands the case for resentencing consistent with this opinion.

## I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

In early January 2016, Augusta County Police Investigator Michael Roane ("Roane") began investigating allegations of drug distribution and sexual abuse involving appellant.  After interviewing four minor boys (J.T., N.F., C.F., and A.S.), Roane went to appellant's home and confronted him about the allegations that he provided drugs to the boys.  Pursuant to appellant's consent, Roane searched the house and found methamphetamine, oxycodone, marijuana, and smoking devices hidden in various places in the basement and elsewhere in the house.  Appellant admitted providing pills to N.F.

After interviewing the boys again, Roane asked appellant to come to the police department for an interview.  Roane provided Miranda warnings to appellant before starting any questioning, and conducted a video-taped interview.  During the interview, appellant admitted that all of the boys visited his house frequently and that he had provided them with oxycodone, methamphetamine, and marijuana.  Appellant initially denied any sexual activity took place

while the boys were at his home and specifically denied engaging in oral sex with N.F., but later admitted to performing oral sex on N.F. A few minutes later appellant denied that N.F. performed oral sex on him, but admitted that he gave N.F. a "blow job."

At trial, C.F. testified that he had been at appellant's house with the other victims to "do drugs." A.S. testified that N.F. knew appellant, that the boys went to appellant's house to use a variety of drugs provided by appellant, and that once while he was present he observed appellant and N.F. both masturbating. N.F. testified that appellant was his neighbor, he had known appellant for most of his life, and that when he was thirteen he began visiting appellant's home regularly to use drugs. During his testimony about what went on at appellant's house, N.F. became upset because he did not want to be in court. After a recess, he acknowledged that there was some "sex stuff that went on that [he] did not want to talk about."

At the close of the Commonwealth's case in chief, the trial court denied appellant's motion to strike the evidence related to the carnal knowledge charge, finding that there was sufficient evidence to corroborate appellant's prior confession. The trial court did agree to dismiss one of the counts of possession with intent to distribute (case no. CR16000133-02) on the grounds that it was identical to another charge (case no. CR16000133-01) and thus violated double jeopardy.

Appellant then testified on his own behalf and admitted that he told Roane he performed oral sex on N.F., but only one time "for less than a minute." Later in his testimony, he again confirmed that he told Roane he "sucked N.F.'s dick for a little bit" but that he had stopped because the color of N.F.'s skin made him uncomfortable. Appellant then alleged that his prior statement to Roane was untrue and that he said it only because he was being "a smart-aleck and sarcastic" because he "got tired of hearing it" during the police interview. Appellant further claimed that he was not telling the truth when he earlier admitted to sharing his personal drugs

with the boys, claiming that the drugs came from J.T. and that appellant was just holding the drugs so the boys would not get in trouble.

Appellant renewed his motion to strike at the conclusion of his defense, but the trial court again denied the motion. The trial court found appellant guilty on the single count of carnal knowledge of a minor and all three of the possession charges[2]—including the one he had dismissed at the conclusion of the Commonwealth's case in chief. This appeal followed.

## II. ANALYSIS

### A. Sufficiency of the Evidence of Carnal Knowledge

*Standard of Review*

"[W]hen the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly drawn therefrom must be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it." Spencer v. Commonwealth, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (quoting Tuggle v. Commonwealth, 228 Va. 493, 510, 323 S.E.2d 539, 549 (1984)). Under this familiar standard of review, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

---

[2] Although appellant was originally charged with possession of a controlled substance with intent to distribute, the trial court found appellant guilty of the lesser-included charge of possession of a controlled substance.

Appellant argues that the Commonwealth failed to present sufficient evidence to prove the *corpus delicti* of the crime in question, carnal knowledge of a minor. Because appellant confessed to the crime, only slight corroboration of that confession is necessary. Cherrix v. Commonwealth, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999).

The *corpus delicti* rule originated in seventeenth-century England after the tragic injustice of Perry's Case. John Perry was subjected to relentless questioning about the disappearance of his master, eventually gave a false confession, and was executed despite the fact that the alleged victim's body was never found. See Allen v. Commonwealth, 287 Va. 68, 73, 752 S.E.2d 856, 859 (2014) (citing Perry's Case (1660), 14 Howell St. Tr. 1312, 1312-24 (Eng.)). The man Perry supposedly killed reappeared several years later after having been kidnapped and sold into slavery. Id.

After a similar incident in nineteenth-century Vermont, nearly all states adopted some variation of the *corpus delicti* rule. Id. In Virginia, it is well-established that proof of the *corpus delicti*—that a crime actually occurred—is essential to any criminal prosecution. Id. From that requirement came our rule that "an accused cannot be convicted solely on his uncorroborated extrajudicial admission or confession." Id. at 74, 752 S.E.2d at 860 (quoting Watkins v. Commonwealth, 238 Va. 341, 348, 385 S.E.2d 50, 54 (1989)). The Commonwealth must provide "slight corroboration" of the confession in order to prove beyond reasonable doubt that the crime was committed. Id. (quoting Cherrix, 257 Va. at 305, 513 S.E.2d at 651). That corroboration may come from circumstantial or direct evidence. Watkins, 238 Va. at 349, 385 S.E.2d at 54 (citing Epperly v. Commonwealth, 224 Va. 214, 229, 294 S.E.2d 882, 891 (1982)).

The Supreme Court has previously held that circumstantial evidence of the "mere opportunity" to commit the crime is "insufficient to provide slight corroboration." Allen, 287

Va. at 76, 752 S.E.2d at 861. However, "only slight corroboration *of an accused's statements* is required to establish the *corpus delicti* when the accused fully confesses that he committed the crime." Jackson v. Commonwealth, 255 Va. 625, 646, 499 S.E.2d 538, 551 (1998) (emphasis added). Furthermore, "if '[the] corroborating evidence is consistent with a reasonable inference' that the accused committed the crime to which he has confessed, the Commonwealth need not establish through direct evidence those elements of the crime that are proven by the confession." Winston v. Commonwealth, 268 Va. 564, 613, 604 S.E.2d 21, 49 (2004) (quoting Powell v. Commonwealth, 267 Va. 107, 145, 590 S.E.2d 537, 560 (2004)). The corroborative evidence is sufficient if, "when taken along with the confession, it proves the commission of the crime beyond a reasonable doubt." Morning v. Commonwealth, 37 Va. App. 679, 685, 561 S.E.2d 23, 25 (2002). Inferences drawn from proven facts "are within the province of the trier of fact so long as those inferences are reasonable and justified." Id. at 687, 561 S.E.2d at 26.

In Allen, the case on which the appellant relies most heavily, the accused confessed to sexual battery of his grandson. 287 Va. at 75, 752 S.E.2d at 860. The only other testimony about the crime itself came from Allen's daughter who testified merely that the accused had been alone with the victim on numerous occasions and sometimes slept in the same bed with him. Id. The daughter's testimony established only the opportunity to have committed the crime, and the Supreme Court held that this mere opportunity was not sufficient to meet the standard of "slight corroboration." Id. at 77, 752 S.E.2d at 861.

Conversely, in Morning, the accused confessed to engaging in intercourse with a minor during an overnight hotel stay. Morning, 37 Va. App. at 683, 561 S.E.2d at 3. The victim testified at trial and corroborated the defendant's confession in virtually every detail, including activities before the hotel visit and the fact that she slept in the same bed with the defendant. Id. at 683-84, 561 S.E.2d at 5. Despite her corroboration of other details, when questioned about

- 6 -

engaging in sexual activity she became visibly upset and denied it, asserting—even after a reminder of her oath—that they had just "talked and watched television." Id. The trial court, sitting as factfinder, evaluated the victim's credibility as a witness and refused to believe the victim's denial. Id. at 686, 561 S.E.2d at 8. The court determined that her corroboration of virtually every other detail of the events in question gave rise to a reasonable inference that the two engaged in the alleged sexual activity, despite her denial. Id. This Court upheld the trial court's determinations. Id. at 686, 561 S.E.2d at 9.

In this case, appellant confessed to having several minor boys in his basement on numerous occasions and providing them with a variety of drugs. He admitted to masturbating in the presence of the boys, and to performing oral sex on N.F. All of the boys confirmed the details of their frequent visits and use of drugs with appellant. C.F.'s testimony confirmed appellant's confession that N.F. and appellant masturbated in each other's presence. N.F.'s testimony further confirmed virtually every aspect of appellant's confession, including the number of visits, the types of drugs, the means of ingesting the drugs, and the identities of the other boys involved. Much like the victim in Morning, N.F. became emotional and upset when questioned about sexual activity, acknowledging only that "some sex stuff" took place. Appellant later took the stand and attempted to recant his confession, but the trial court evaluated the weight and credibility of appellant's testimony and elected to reject it.

It is settled law in Virginia that the trial court, who sees and hears the witnesses firsthand, "has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts." Reed v. Commonwealth, 62 Va. App. 270, 282, 746 S.E.2d 81, 86-87 (2013) (quoting Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998)). Furthermore, the trial court is "entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Id. at

282, 746 S.E.2d at 87 (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)).

The Commonwealth presented evidence that corroborated appellant's confession far beyond the mere opportunity for appellant to have committed the crime. Multiple witnesses corroborated significant details of the confession. The trial court's decision to disbelieve appellant's self-serving testimony is neither plainly wrong nor without evidence to support it. Therefore, this Court finds that the trial court's conclusion that the Commonwealth presented the necessary "slight corroboration" of appellant's confession was not plainly wrong. Accordingly, this Court affirms appellant's conviction for carnal knowledge of a minor.

### B. Improper Conviction and Sentencing

*Standard of Review*

This Court reviews lower court sentencing decisions for abuse of discretion. Johnson v. Commonwealth, 63 Va. App. 175, 181, 755 S.E.2d 468, 471 (2014). A circuit court "by definition abuses its discretion when it makes an error of law[;] . . . [t]he abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." Dean v. Commonwealth, 61 Va. App. 209, 213, 734 S.E.2d 673, 675 (2012) (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008)).

Both parties agree that appellant's conviction and sentencing on charge CR16000133-02 was improper. Appellate courts, however, must independently review concessions of law made on appeal. Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*). The law "cannot be subject to the private opinions of the litigants." Id. Therefore, this Court will consider the legal question raised in appellant's second assignment of error.

*Rule 5A:18*

In this case, appellant acknowledges that he failed to raise any objection to his conviction and sentencing at trial, so he requests this Court invoke the ends of justice exception to Rule 5A:18. Application of the ends of justice exception to Rule 5A:18 requires an affirmative showing that error was "clear" and that a "miscarriage of justice *has* occurred, not . . . *might have* occurred." West v. Commonwealth, 43 Va. App. 327, 338, 597 S.E.2d 274, 279 (2004) (emphasis added) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997)). In a criminal case, application of the ends of justice exception is appropriate if the accused is "convicted for conduct that was not a criminal offense" or the record clearly shows that "an element of the offense did not occur." Id. In this case, appellant has suffered a miscarriage of justice in the form of a conviction on a previously-dismissed charge. The ends of justice exception to Rule 5A:18 thus applies, and this Court will reach the merits of appellant's double jeopardy claim.

*Double Jeopardy*

The Double Jeopardy Clause of the Fifth Amendment protects against, *inter alia*, "a second prosecution for the same offense after acquittal." Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). This protection provides finality for the defendant and "protects the accused from attempts to relitigate the facts underlying a prior acquittal." Id. According to Rule 3A:15(c), the trial court "shall enter a judgment of acquittal if it strikes the evidence" upon motion by the accused after the Commonwealth has rested its case.

The record in this case shows that at the close of the Commonwealth's case in chief, appellant's counsel moved to strike the Commonwealth's evidence on several charges, including case numbers CR16000133-00, -01, and -02. The trial court granted appellant's motion to strike

as to case number CR16000133-02 on the grounds that it was identical to case number CR16000133-01. The facts as laid out in the indictments did not support a second charge, and thus case number CR16000133-02 violated the double-jeopardy protection against being tried twice for the same conduct. The trial court's final order, however, noted appellant's conviction on all three possession charges, including the previously-dismissed case number CR16000133-02. The order of conviction on case number CR16000133-02 was undoubtedly in error, and constitutes a violation of double jeopardy. Accordingly, this Court reverses appellant's conviction on case number CR16000133-02, dismisses that indictment, and remands the case for resentencing consistent with this opinion.

## III. CONCLUSION

This Court affirms appellant's conviction for carnal knowledge without force, but reverses and dismisses the conviction for possession of a Schedule I/II drug on case number CR16000133-02, and remands for resentencing consistent with this opinion.

Affirm in part,
reverse and dismiss in part,
and remand for resentencing.