COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Humphreys and Senior Judge Coleman
Argued at Alexandria, Virginia


MARQUISE LEON NELSON
                                                        OPINION BY
v.        Record No. 0587-06-4                  JUDGE ROBERT J. HUMPHREYS
                                                     SEPTEMBER 18, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
William H. Ledbetter, Judge Designate

Terence J. Patton (James J. Ilijevich; Office of the Public Defender,
on brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Marquise Leon Nelson ("Nelson") appeals his conviction for failure to appear, in

violation of Code § 19.2-128(B).  He argues the evidence was insufficient to prove that he

willfully failed to appear in court and that the trial court erred in instructing the members of the

jury that they could infer that a person intends the natural and probable consequences of his

actions.  For the following reasons, we hold that the evidence is sufficient to support his

conviction, and do not address his argument regarding the jury instruction, as it is procedurally

defaulted.

BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence established the

following:

On March 17, 2004, Deputy Robert Grella ("Grella") of the Stafford County Sheriff's Department arrested Nelson for a felony offense and served him with a felony arrest warrant.[1] During the arrest Nelson produced a Georgia identification card listing his name as Marquise Leon Nelson, and his birth date as December 25, 1969.

Later that day, Nelson signed a recognizance form outlining the conditions of his bond pending trial. Nelson's bond prohibited him from leaving Virginia until his case and any appeals of his case were finished. Nelson appeared for an arraignment in the Stafford County General District Court ("GDC") on March 24, 2004 and signed an order acknowledging that a failure to appear could be treated as a separate and independent criminal offense. Nelson appeared for arraignment in the Stafford County Circuit Court ("trial court") on May 13, 2004. At this appearance, the trial court advised Nelson that it was scheduling his case for a jury trial on September 9, 2004.

In mid-August of 2004, Nelson was arrested in Maryland on an outstanding warrant from the Maryland Division of Corrections. Nelson did not contact the trial court or his attorney regarding his incarceration and remained in continuous custody of Maryland authorities until October 7, 2005. Nelson did not appear for his jury trial on September 9, 2004, and his attorney had no knowledge of his whereabouts. Consequently, the trial court issued a *capias* for Nelson.

On October 4, 2004, a grand jury indicted Nelson for his failure to appear in court. At trial on February 23, 2006, the Commonwealth presented the above-referenced evidence regarding Nelson's recognizance and failure to appear for trial on September 9, 2004, and called John Hafer ("Hafer"), an agent of the Maryland Division of Parole and Probation, as a witness. Hafer identified himself as Nelson's supervising probation officer, related that Nelson had been

---

[1] Grella charged Nelson with uttering a forged note under Code § 18.2-170.

arrested in Maryland and was incarcerated there on September 9, 2004, and testified that Nelson's real name was in fact Jake Phinizy Adams and his birth date was September 10, 1962.

At the conclusion of the evidence, Nelson moved to strike, arguing that the evidence was insufficient to convict him of failure to appear when the evidence proved that he was incarcerated in Maryland on his trial date. The trial court denied the motion. Before closing arguments, the Commonwealth offered a jury instruction stating that the jury could "infer that every person intends the natural and probable consequences of his acts." Nelson objected to this instruction, arguing only that it was not "a reasonable inference to think that, if any of us got into our cars and drove to Maryland, that we could not get back to Virginia in a certain period of time." The trial court overruled Nelson's objection and issued the instruction, and the jury subsequently convicted Nelson of failure to appear. Nelson now appeals.

ANALYSIS

I. Sufficiency of the Evidence

Nelson argues that the evidence was insufficient to support his conviction for failure to appear. Specifically, he argues that he was incarcerated in Maryland on the day of his trial and, therefore, "[a]s a matter of law, [he] could not willfully fail to appear." We disagree.

When considering the sufficiency of the evidence presented at trial, we "presume[] [a jury verdict] to be correct" and will not disturb it unless it is "'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680).

Code § 19.2-128(B) states that "[a]ny person [] charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." "'Willfully,' as used in Code § 19.2-128(B), has the customary meaning that the act must have been done 'purposely, intentionally, or designedly.'" Hunter v. Commonwealth, 15 Va. App.

717, 721, 427 S.E.2d 197, 200 (1993) (*en banc*). "When the [Commonwealth] proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Id. Furthermore, "[i]ntent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). Thus, intent often must be proved through circumstantial evidence. See id.

"When the Commonwealth relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence[,]" and "[t]he evidence as a whole must exclude every reasonable theory of innocence." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). However, this requirement does not add to the burden of proof placed on the Commonwealth. Instead, it is "simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Id. Moreover, "[c]ircumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Id. at 514, 578 S.E.2d at 786 (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (internal quotation marks omitted)). Thus, the issue on appeal is "whether a reasonable jury, upon consideration of all the evidence, could have rejected [a defendant's] theories in his defense and found him guilty of [the offenses charged] beyond a reasonable doubt." Id. at 513, 578 S.E.2d at 785.

We addressed a similar situation in Hunter. In Hunter, the defendant signed a bond document prohibiting him from leaving Virginia without the court's permission. 15 Va. App. at

- 4 -

723, 427 S.E.2d at 201. When the trial judge issued a summons for the defendant to appear at trial, the serving officer could not locate the defendant at the address he had provided to the court. Id. Approximately four months later, after missing his scheduled trial date, law enforcement officers in Ohio arrested the defendant and returned him to Virginia authorities after he waived extradition. Id. at 720, 427 S.E.2d at 199. The defendant had neither obtained court approval nor notified the court of his travels to Ohio. Id. at 723-24, 427 S.E.2d at 201. Because the defendant had left the address he had provided to the court, and, furthermore, had left Virginia in violation of the conditions of his bond, we held the evidence sufficient to support the defendant's conviction. Id. at 723-24, 427 S.E.2d at 201-02.

Nelson attempts to distinguish Hunter from the facts of this case, because unlike the defendant in Hunter, Nelson was actually incarcerated *on* the day of his trial. As such, Nelson argues that Riley v. Commonwealth, 13 Va. App. 494, 412 S.E.2d 724 (1992), controls the outcome of this case. In Riley, the defendant stipulated that he had not appeared for an earlier court date, but offered into evidence a document from the City of New York, Department of Corrections, stating that he was incarcerated in New York on the day of his trial. Neither the Commonwealth nor the defense introduced any other evidence relating to the defendant's failure to appear. Id. at 496, 412 S.E.2d at 725. We reversed the defendant's failure to appear conviction because "all evidence indicate[d] that [the defendant] was incapable of appearing [for his court date] due to his incarceration in New York." Id. at 499, 412 S.E.2d at 727.

Nelson's reliance on Riley is misplaced. In Riley, the only evidence introduced at the defendant's failure to appear trial was a document proving that the defendant was incarcerated in New York on the day of his original trial. Neither party introduced any evidence regarding the circumstances behind the defendant's incarceration, nor did the parties present evidence as to

how the defendant came to be in New York, or any actions the defendant may have taken to avoid coming to trial.

Here, when Nelson was arrested, he presented a Georgia identification card listing his name as Marquise Leon Nelson, and his birth date as December 25, 1969.  At trial, Hafer testified that Nelson's real name was Jake Phinizy Adams and that Adams' birth date was September 10, 1962.  Like the defendant in Hunter, Nelson left Virginia in violation of the conditions of his bond.  Although he was incarcerated on the day of his trial, the record discloses no evidence that Nelson contacted or attempted to contact his attorney or the trial court to notify them of his whereabouts.

From this evidence, the jury could infer that Nelson's failure to appear was willful.  As finder of fact, the jury was entitled to believe Hafer's testimony that Nelson's real name was Jake Phinizy Adams, and thus make the inference that Nelson presented a false identification card at the time of his arrest for the purpose of evading prosecution.[2]  Furthermore, because Nelson violated the conditions of his bond by traveling to Maryland and made no efforts to notify Virginia authorities or his attorney of his incarceration, the jury could infer that Nelson did not intend to come to his trial on September 9, 2004.  In combination, these facts are sufficient for a jury to infer that Nelson willfully failed to appear for his trial.  Therefore, we hold that Nelson's failure to appear conviction is supported by sufficient evidence.  Accordingly, we affirm his conviction.

---

[2] This case is styled Marquise Leon Nelson v. Commonwealth as that is the name appearing on the indictment and sentencing order.  Whether or not Jake Phinizy Adams is the defendant's real name is immaterial to our analysis.  We note only that, based upon the evidence presented, the jury *could have believed* that this was his real name.

## II. The Jury Instruction

Nelson next argues that the trial court erred in issuing the jury instruction which reads: "every person intends the natural and probable consequences of his acts[,]" because this instruction as applied to him violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Specifically, Nelson argues that the instruction creates an unconstitutional permissive inference because there was no rational connection between the proven facts and the ultimate facts inferred. However, in objecting to the proposed instruction at trial, Nelson simply stated that "[he didn't] think [] it's a reasonable inference to think that, if any of us got in our cars and drove to Maryland, that we could not get back to Virginia in a certain period of time."

In objecting to the proffered instruction, Nelson made no mention of any constitutional defects in the instruction, nor did he object with any specificity with respect to how it was an incorrect statement of the law. Therefore, the trial court had no opportunity to consider the issue presented on appeal. Because Nelson did not object to the proposed instruction with specificity, he has waived this issue on appeal. See Rule 5A:18; see also Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.").

## CONCLUSION

We hold that sufficient evidence exists to support Nelson's failure to appear conviction, and we do not address his question presented regarding the constitutionality of the jury instruction. Accordingly, we affirm his conviction.

Affirmed.