COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


CARY ANDRAE DESLANDES

                                     MEMORANDUM OPINION[*] BY
v.      Record No. 2033-07-2            JUDGE LARRY G. ELDER
                                        JULY 8, 2008

COMMOWNEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Matthew T. Paulk for appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Cary Andrae Deslandes (appellant) appeals from his bench trial conviction for failure to

appear in violation of Code § 19.2-128(B). On appeal, he contends the evidence was insufficient

to prove his failure to appear was willful as required to support his conviction because it showed

he was incarcerated in another jurisdiction at the time of his failure to appear. We hold the

evidence as a whole, viewed in the light most favorable to the Commonwealth, supported a

finding that appellant's failure to appear was willful, and we affirm.

I.

BACKGROUND

On December 24, 2005, appellant was arrested for breaking and entering with intent to

commit a felony other than murder, rape, robbery or arson. He was released later that same day

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

on a $2,000 recognizance bond and ordered to appear in general district court on January 6, 2006. The bond he signed contained the following standard clauses:

> I, THE DEFENDANT, as a condition of my release from custody, by signing this form, promise to appear in court on the date and time noted above. If this date, time or place is changed for any reason by any court or judge, I also promise to appear as so directed. I understand that I . . . may not leave the Commonwealth of Virginia until my case, and any appeals in my case, are finished. I further agree to keep the peace and be of good behavior . . . .
>
> I, THE DEFENDANT, UNDERSTAND THAT: (1) If I fail to obey any of the above terms and conditions, I may be ARRESTED and, if a bond was posted, the court may forfeit (collect on) the bond; (2) if I fail to appear, the court may try and convict me in my absence; . . . (4) failure to appear is a separate crime; (5) I must promptly notify the court of any change in my mailing address or where I live while this case is pending.

A bondsman with Henderson Bonding signed the bond as surety.

On January 6, 2006, appellant appeared in general district court as scheduled. The court appointed attorney Matthew Paulk to represent him at that time and set the preliminary hearing for February 9, 2006. Following appellant's appearance on January 6, 2006, he voluntarily traveled to New York. Appellant testified that he went to New York to see family and "get away for a little while" but claimed he intended to return for his February 9, 2006 court date. He admitted signing the bond stating that he was not allowed to "leave the Commonwealth . . . until [his] case and any appeals . . . are finished." He also admitted he did not ask his bail bondsman for permission to leave the state and did not inform his attorney he was doing so. He admitted he had been arrested and bonded out on at least four prior occasions and was aware that "if you don't come to court, you get in trouble."

Appellant stipulated that he failed to appear on February 9, 2006, and testified he was unable to return for his preliminary hearing on that date because he was arrested in New York on January 11, 2006, and incarcerated at Rikers Island. Appellant said he was convicted in New

York for trespassing and held continuously in custody until September 11, 2006, when he was released after serving his full sentence. Appellant admitted he did not contact his bondsman or his court-appointed attorney prior to February 9, 2006, to advise them that he was unable to come to court in Chesterfield County on that date but claimed he was unable to do so based on his incarceration in New York and that it was his understanding that his mother and fiancée both contacted the bondsman. Appellant said he did not know at that time who his attorney on the Chesterfield charge was and that if he received a card with the attorney's name on it in court on January 6, 2006, he did not "recall what [he] did with the card."

Following appellant's release from incarceration in New York on September 11, 2006, he returned to Virginia. He admitted he did not contact the Chesterfield General District Court Clerk's Office upon his return from New York to determine the status of the breaking and entering charge. He claimed he believed he was to appear in district court on that charge on December 6, 2006.[1]

Appellant testified that, sometime before December 6, 2006, he traveled from Virginia to New York once again, this time to attend a wedding. He was arrested and again incarcerated in New York in December 2006. The new charges in New York, which were for robbery, were eventually dropped, but based on a detainer issued by Chesterfield County, New York officials held appellant in custody until Chesterfield authorities came to New York to get him. Appellant was then held continuously in custody until his trial in Chesterfield County Circuit Court on May 23, 2007.

On that date, the trial court convicted appellant for failure to appear on February 9, 2006, reasoning as follows:

---

[1] Appellant attempted to testify about why he claimed to think that he had a court date on December 6, 2006, but the Commonwealth objected on hearsay grounds, and the trial court sustained that objection. Appellant does not challenge that ruling on appeal.

- 3 -

The Court finds for the record that the defendant had absented himself from the Commonwealth in violation of the terms and conditions of the Court's bond and that it was a willful and intentional act on his part, and the fact that he was then subsequently arrested does not serve as an adequate excuse for not being able to appear in court.

When appellant's counsel inquired whether the trial court "believe[d] that [appellant] was in Rikers Island on the date he was supposed to be [in Chesterfield General District Court]," the trial court responded,

Yes. . . . I find that the evidence is credible that he was incarcerated at the time, but I think you've got to start before that and that is he was not permitted to leave the Commonwealth, and the Court finds that as a basis that that was an intentional act that he left the Commonwealth, and then found himself in violation of the laws of the State of New York, which led to his subsequent incarceration . . . and that that is not a sufficient excuse to avoid the failure to appear.

Following sentencing, appellant noted this appeal.

II.

ANALYSIS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness, Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

Code § 19.2-128(B) provides that "Any person . . . charged with a felony offense who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." "'Willfully,' as used in Code § 19.2-128(B), has the customary meaning that the act must have

been done 'purposely, intentionally, or designedly.'" Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (en banc). "When a criminal offense consists of an act and a particular *mens rea*, both the act and the *mens rea* are independent and necessary elements of the crime that the Commonwealth must prove beyond a reasonable doubt." Id. Intent may, and usually must, be proved by circumstantial evidence, such as a person's conduct and statements, and the fact finder may presume an offender intends the natural and probable consequences of his acts. Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc); see Canipe v. Commonwealth, 25 Va. App. 629, 645, 491 S.E.2d 747, 754 (1997) (noting that statements and conduct of an accused *after* the events that constitute the charged crime also are relevant circumstantial evidence of intent).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

"When the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer," absent additional credible evidence negating such an inference, "that the failure to appear was willful." Hunter, 15 Va. App. at 721, 427 S.E.2d at 200. Evidence that a defendant with notice of his trial date "left the state" "without notifying the court" "in violation of the conditions of his bail bond" is relevant to determining whether his subsequent failure to appear was willful. Id. at 724, 427 S.E.2d at 201-02.

We have applied these principles in two prior cases in which the defendant was incarcerated in another jurisdiction on the date he failed to appear for trial in Virginia. In Riley v. Commonwealth, 13 Va. App. 494, 412 S.E.2d 724 (1992), the only evidence in the record was a document from the Department of Corrections of the City of New York that defendant Riley was incarcerated on the date he was scheduled to appear in general district court in Richmond. Id. at 499, 412 S.E.2d at 727. "Neither party introduced any evidence regarding the circumstances behind the defendant's incarceration [in New York], nor did the parties present evidence as to how the defendant came to be in New York, or [detail] any actions the defendant may have taken to avoid coming to trial." Nelson v. Commonwealth, 50 Va. App. 413, 419, 650 S.E.2d 562, 565 (2007). On those facts, we held no evidence proved defendant Riley "willfully failed to appear in the general district court" on the date scheduled and that "all evidence indicate[d] [defendant] Riley was incapable of appearing before the district court due to his incarceration in New York." Riley, 13 Va. App. at 499, 412 S.E.2d at 727.

In the more recent case of Nelson, 50 Va. App. 413, 650 S.E.2d 562, the record revealed much more than the fact of defendant Nelson's incarceration in another state at the time of his failure to appear in Virginia. That evidence supported a finding not only that defendant Nelson "violated the conditions of his bond by traveling to Maryland" and failing "to notify Virginia authorities or his attorney of his incarceration" there, but also that defendant Nelson's real name was Jake Adams, supporting "the inference that [the defendant] [had] presented a false identification card at the time of his arrest [in Virginia] for the purpose of evading prosecution." Id. at 419-20, 650 S.E.2d at 566. We held that these facts, "*[i]n combination*," were "sufficient for a jury to infer that Nelson willfully failed to appear for his trial." Id. at 420, 650 S.E.2d at 566 (emphasis added).

Like in Nelson, we hold evidence in addition to the bare fact of appellant's incarceration in another jurisdiction[2] supports the trial court's finding that his failure to appear at his preliminary hearing on February 9, 2006, was willful within the meaning of Code § 19.2-128(B). In appellant's case, unlike in Riley, the Commonwealth introduced appellant's bond agreement, which contained the pre-printed statement, "I understand that I . . . may not leave the Commonwealth of Virginia until my case, and any appeals in my case, are finished." Appellant admitted signing the bond agreement and admitted knowing, based on having been bonded out following at least four prior arrests, that "if you don't come to court, you get in trouble." Despite that knowledge, appellant voluntarily left the Commonwealth to go to New York. In addition, he was arrested in New York for criminal behavior he engaged in *after* he arrived there, and he made no effort to contact the Chesterfield County General District Court Clerk's Office or his appointed counsel either while he was incarcerated in New York or after he was released from incarceration on September 11, 2006, although he returned voluntarily to Virginia a few days later. Instead, the courts of the Commonwealth were able to address the Virginia charges on the merits only after appellant returned to New York a second time, was again arrested there on new charges, and was returned to Virginia pursuant to an interstate detainer after New York determined it would not prosecute him on the new charges.

This evidence was sufficient to support appellant's conviction for willful failure to appear in violation of Code § 19.2-128(B).

---

[2] Unlike in Riley, appellant offered no documentation to prove the fact of his incarceration in New York at the time of his failure to appear on February 9, 2006. Nevertheless, the trial court expressly stated it believed appellant's evidence, in the form of his own testimony and the testimony of his fiancée and his mother, that he was incarcerated in New York at that time.

III.

For these reasons, we affirm appellant's conviction.

Affirmed.