COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McClanahan and Beales
Argued at Lexington, Virginia


RYAN LEE PINNIX

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1211-10-3                 JUDGE ROBERT J. HUMPHREYS
                                                         MAY 3, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

Stephen R. Eubank (Shrader Law Office, on brief), for appellant.

John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


        Ryan Lee Pinnix ("Pinnix") was convicted in the Circuit Court of Amherst County ("trial

court") on one count of possession with intent to distribute more than one-half ounce but less

than five pounds of marijuana, in violation of Code § 18.2-248.1, one count of conspiracy to

distribute more than one-half ounce but less than five pounds of marijuana, in violation of Code

§§ 18.2-256 and 18.2-248.1(a)(2), and one count of contributing to the delinquency of a minor,

in violation of Code § 18.2-371.  Pinnix asserts the trial court erred in admitting evidence of

other bad acts committed by Pinnix to support his convictions for distributing drugs.  For the

following reasons, we affirm.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  Analysis

Pinnix asserts on appeal that the trial court committed reversible error when it admitted evidence of other crimes committed by Pinnix to prove Pinnix committed the acts for which he was on trial.  We disagree.

"'The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'"  Bell v. Commonwealth, 49 Va. App. 570, 576, 643 S.E.2d 497, 500 (2007) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).  Evidence tends to be admissible "'if it is both relevant and material . . . .'"  Via v. Commonwealth, 42 Va. App. 164, 183, 590 S.E.2d 583, 592 (2004) (quoting Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987)).  "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case."  Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).  "Evidence is material if it relates to a matter properly at issue."  Evans-Smith, 5 Va. App. at 196, 361 S.E.2d at 441.

A trial court, however, has no discretion to admit evidence that is clearly inadmissible.  Commonwealth v. Wynn, 277 Va. 92, 97, 671 S.E.2d 137, 139 (2009) (citation omitted).  In general, "evidence that shows or tends to show crimes or other bad acts committed by the accused is incompetent and inadmissible" at trial, if admitted merely to show "that the accused committed or likely committed the particular crime charged."  Morse v. Commonwealth, 17 Va. App. 627, 631, 440 S.E.2d 145, 148 (1994) (citation omitted).  That is, "[e]vidence of other independent acts of an accused is inadmissible if relevant only to show a probability that the accused committed the crime for which he is on trial because he is a person of bad or criminal character," Sutphin v. Commonwealth, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985), or

- 2 -

"even though it is of the same nature as the one charged, if the only purpose is to show that the crime charged was also probably committed by the accused," id. (citation omitted).

Nevertheless, "[w]ell established exceptions to the general rule of exclusion of other bad acts evidence apply where the evidence is relevant to show some element of the crime charged." Morse, 17 Va. App. at 631, 440 S.E.2d at 148. "To be admissible as an exception, evidence of other bad acts must be relevant to an issue or element in the present case." Id. For example, such evidence "is admissible where it tends to establish a common scheme, plan, system, design or course of conduct, and when such crime is so related to the crime charged that proof of one tends to establish the other, or tends to establish motive, intent, or knowledge." Minor v. Commonwealth, 213 Va. 278, 280, 191 S.E.2d 825, 826-27 (1972) (citations omitted). Indeed, this Court has acknowledged that "'allowing evidence of other crimes to show motive, intent or knowledge recognizes that the more often a person commits a similar incident with similar results, the more likely it is that the result was intended.'" Reynolds v. Commonwealth, 24 Va. App. 220, 226, 481 S.E.2d 479, 482 (1997) (quoting Henderson v. Commonwealth, 5 Va. App. 125, 128, 360 S.E.2d 876, 878 (1987)).

In fact, "[w]here a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence 'sanitized' so as to deny the jury knowledge of all but the immediate crime for which he is on trial." Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984). "The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses." Id. at 526-27, 323 S.E.2d at 577. Ultimately, "'the test is whether the legitimate probative value outweighs the incidental prejudice to the accused.'" Reynolds 24 Va. App. at 224, 481 S.E.2d at 481 (quoting Hawks v. Commonwealth, 228 Va. 244, 247, 321

S.E.2d 650, 652 (1984)).  "Evidence which does not tend to prove guilt, but only serves to prejudice the defendant, should be excluded as irrelevant."  Brown v. Commonwealth, 18 Va. App. 150, 152, 442 S.E.2d 421, 423 (1994) (citing Bunting v. Commonwealth, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967)).

In this case, Pinnix was charged with conspiracy and possession with intent to distribute marijuana.  "'To convict a defendant of illegal possession of drugs, the Commonwealth must prove that the defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them.'"  Merritt v. Commonwealth, 57 Va. App. 542, 556, 704 S.E.2d 158, 165 (2011) (en banc) (citation omitted).  "[P]roof of actual possession is not required; proof of constructive possession will suffice."  Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998).  However, to support a conviction based upon constructive possession, "'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"  Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  As to intent, "'[i]ntent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case.  The state of mind of an alleged offender may be shown by his acts and conduct.'"  Nelson v. Commonwealth, 50 Va. App. 413, 417, 650 S.E.2d 562, 564 (2007) (quoting Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979)).  In other words, as with possession, the element of intent is often proved through circumstantial evidence.  Id. at 417, 650 S.E.2d at 564-65.

At trial, Pinnix denied any involvement whatsoever in the drug transaction that occurred between Matthew Schultz ("Schultz") and Robert Tyree ("Tyree") in Amherst County on August

- 4 -

17, 2009.  According to Pinnix, he and his girlfriend, Laura Moseley ("Moseley"), were unaware of the drugs stashed in the trunk of Moseley's car, and they did not know Schultz intended to sell the marijuana to Tyree.  Pinnix explained that he and Moseley were simply along for a "joy ride" and that they were shopping in the Peebles Department Store at the time the drug transaction took place.  Schultz, on the other hand, testified that Pinnix supplied the marijuana Schultz sold to Tyree and stated that Pinnix obtained the "majority share" of money from the sale.

This differing testimony clearly called Pinnix's guilty knowledge and intent into question.  Because guilty knowledge and intent are elements of the offense for which Pinnix was on trial, the evidence of other bad acts committed by Pinnix was relevant and admissible to show that he knowingly and constructively possessed the marijuana on August 17, 2009, and that he intended to sell the marijuana, through Schultz, to Tyree.

To that end, Pinnix's actions at the laundromat in Martinsville and at the Lowe's in Amherst County are strikingly similar to his actions at the Peebles, with similar results.  On both occasions, Pinnix arrived with Schultz at a specific location, where Pinnix entered a nearby business and waited.  On each occasion, upon the conclusion of the sale of the marijuana, Pinnix would return to Schultz and receive a "majority share" of the money.  Special Agent Dwayne Tuggle of the Virginia State Police ("Tuggle") testified that he observed Pinnix at both locations and explained that the sale of marijuana at the laundromat was "facilitated by Pinnix."  Tuggle watched Pinnix arrive in a red Cavalier at the laundromat and open the car up for Schultz.  He heard Pinnix tell Schultz he would wait inside the laundromat until the sale was over.  Tuggle then saw Pinnix standing inside the laundromat with Schultz while Schultz retrieved four pounds of marijuana to sell to Tuggle.  Schultz testified that Pinnix again took a majority share of the profit from the sale.

Tuggle also saw Pinnix exit a vehicle at the Lowe's transaction and, again, enter the store to wait for the sale to occur. Pinnix, who was on his way back to the vehicle upon the conclusion of the sale, turned and walked in the other direction when he saw the police. Tuggle's testimony that some drug dealers "facilitate the deal, they set the deal up, they supply the narcotics, and they reap the financial benefits" corroborated Schultz's version of events.

We conclude on these facts that the trial court did not abuse its discretion in admitting the evidence of Pinnix's other bad acts as part of a common scheme or plan to support the convictions for which he was on trial. The evidence was relevant and admissible to show a course of conduct entered into by Pinnix to sell marijuana through his middleman, Schultz. Because the evidence proved Pinnix committed similar acts with similar results, the evidence was relevant to prove that Pinnix was aware of the presence and character of the marijuana, that he intentionally and consciously possessed it, that it was subject to his dominion and control, and that he intended to distribute it in Amherst County on August 17, 2009. Any prejudice to Pinnix was far outweighed by the probative nature of the admitted evidence.[1]

## II. Conclusion

Because the trial court did not abuse its discretion in admitting evidence of other bad acts committed by Pinnix as relevant to the charges for which he was on trial, we affirm.

Affirmed.

---

[1] Pinnix also argues on brief that the trial court abused its discretion in failing to make an *express* finding on the record that the probative value of the evidence outweighed any prejudice to the accused. However, Pinnix did not object to the admissibility of the evidence at trial as being more prejudicial than probative. He has, thus, waived that specific objection on appeal. See Rule 5A:18. Also, Pinnix cites no legal authority on brief for his proposition that the trial court must *sua sponte* make an express finding as to the probative/prejudicial nature of the evidence. He has, thus, waived that specific assertion as well. See Rule 5A:20(e).