COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Haley

GINA GIBSON, SOMETIMES KNOWN AS
 GINA MAE GIBSON NELSON

                                                      MEMORANDUM OPINION[*]
v.      Record No. 2309-12-3                          PER CURIAM
                                                      JUNE 11, 2013

WISE COUNTY DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF WISE COUNTY
Chadwick S. Dotson, Judge

        (Charles H. Slemp, III; Slemp Law Office, PLLC, on briefs), for
        appellant.

        (Karen T. Mullins; Stephanie Kern, Guardian *ad litem* for the minor
        child; Wise County Attorney's Office, on brief), for appellee.


        Gina Mae Gibson Nelson, appellant herein, appeals the order terminating her residual

parental rights to her son, A.N.  Appellant argues the trial court erred by (1) finding appellant was

unable or unwilling to remedy substantially, within a reasonable period of time, the conditions

which led to or required continuation of foster care placement; (2) finding the Department

adequately proved there were no family members interested in or capable of taking custody of A.N.;

(3) finding termination of appellant's residual parental rights was in the best interests of the child;

and (4) violating her due process rights by considering a psychological examination.[1]  Upon review

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In her brief, appellant objected to the final order for not addressing the permanency
planning order from the juvenile and domestic relations district court approving adoption.
Appellant concedes she failed to raise this objection in the trial court, and she does not include
this argument in her assignment of errors.  Accordingly, we will not address this argument
pursuant to Rule 5A:20.

of the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

> When addressing matters concerning the custody and care of a child, this Court's paramount consideration is the child's best interests. On appeal, we presume that the trial court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests. The trial court is vested with broad discretion in making decisions "necessary to guard and to foster a child's best interests." We will not disturb a trial court's factual findings on appeal unless plainly wrong or without evidence to support them.

Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 212, 597 S.E.2d 214, 217 (2004) (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)) (citations omitted). "Furthermore, the evidence is viewed in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom." Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Appellant contends the evidence was not sufficient to prove she was unable or unwilling to substantially remedy the conditions that caused removal of her child. The child was removed in March 2010, when police found three bags of marijuana, packaged for distribution, in the home and both appellant and father tested positive for drugs. Along with concerns about substance abuse and the presence of drugs, there were also concerns about violence in the home and unstable living conditions. Appellant was ordered to refrain from drug use, maintain a stable home, and attend substance abuse counseling, anger management classes, and moral recognition therapy (MRT) classes.

Appellant completed an anger management class and the MRT classes. Subsequent to completing the anger management class, appellant was charged with assault and battery. Additionally, appellant periodically tested positive for drugs, though some field tests were not confirmed in the lab. Appellant tested positive for Oxycodone and methamphetamines, which was

confirmed by lab analysis. Appellant failed to keep some counseling appointments and had difficulty paying bills such that the water and electricity had been turned off.

Immediately following removal of the child, the father moved out of the home. However, after a period of some months, he moved back in with appellant and they married. The father did not complete any of the required classes or counseling. The father did not make any progress with complying with the ordered services, and appellant reported that he moved out a second time because he was hindering her ability to regain custody of their child. However, the social worker noticed the father's clothing and boots present in the home on different occasions after appellant reported he was no longer living with her, and he suspected the father was still involved with appellant.

The Department worked with appellant for over two years before seeking termination. The Department showed that while appellant would make some progress, she would ultimately prove she could not make lasting changes in her situation. She continued to have drugs in her system and was involved in a violent altercation that led to assault and battery charges. After almost three years appellant could not stabilize her life such that she was capable of taking care of her child. Counsel conceded at trial that appellant still was not able to care for A.N. and she needed more time.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his or [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

> Virginia law recognizes the "maxim that, sometimes, the most reliable way to gauge a person's future actions is to examine those of [her] past." Petry v. Petry, 41 Va. App. 782, 793, 589 S.E.2d 458, 463 (2003). "As many courts have observed, one permissible 'measure of a parent's future potential is undoubtedly revealed in the parent's past behavior with the child.'" Id. "No one can divine with any assurance the future course of human events. Nevertheless, past actions and relationships over a meaningful period serve as good

indicators of what the future may be expected to hold." Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997).

Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 267-68, 616 S.E.2d 765, 770 (2005).

The evidence established appellant was not able to substantially remedy, within a reasonable period of time, the conditions that led to foster placement of the child and the trial court was not plainly wrong in this determination. Appellant showed that she could not consistently apply what she learned in anger management, substance abuse, and MRT counseling nor could she maintain a stable household. Accordingly, the trial court did not err by terminating appellant's residual parental rights based on her failure to substantially remedy the conditions.

Appellant also asserts that a new twelve-month period of process monitoring should have started once the father left the home the second time. Appellant does not present any authority for this claim. Further, "[t]he 'plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction.'" Brown, 43 Va. App. at 216, 597 S.E.2d at 219 (quoting Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). The statute clearly directs the "reasonable period of time" for remedy of the conditions leading to foster care must not "exceed 12 months from the *date the child was placed in foster care*." Code § 16.1-283(C)(2) (emphasis added). A.N. was continuously in foster care for almost three years. The trial court did not have the authority to "restart the clock," and the trial court was not plainly wrong in its determination that appellant had been afforded a reasonable amount of time. Accordingly, the trial court did not err by finding sufficient evidence that appellant was unable to substantially remedy the conditions within a reasonable period of time.

Appellant argues the trial court erred by finding clear and convincing evidence that there were no suitable relatives with whom to place the child. Appellant did not identify any suitable relatives for placement, though she testified she was never asked to do so. She reported that her mother is schizophrenic, has mental problems from an acid "overdose," and was "crazy." The

- 4 -

social worker testified appellant's mother was not suitable for placement. The evidence also showed the father's mother had drug problems and was possibly incarcerated for drug charges. Nothing in the record suggests there were any other relatives to consider.

> Code § 16.1-283(A) provides that, in a termination of parental rights case, "the court shall give a consideration to granting custody to relatives of the child, including grandparents." "Before the court grants custody of a child, under the provisions of Code § 16.1-283(A) the Department has a duty to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options." Nothing in the statute or case law suggests that [the Department] has an affirmative duty to conduct a home study. That being said, [the Department] is mandated "to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options." We find that [the Department] met that requirement.

Brown, 43 Va. App. at 218, 597 S.E.2d at 220 (citations omitted). The Department worked with appellant for almost three years. The record indicates the Department was aware of relatives, but none were suitable, or came forward, that were worthy of study. The record supports the trial court's finding, and the trial court was not plainly wrong in its determination. Accordingly, the trial court did not err by finding sufficient evidence that there were no suitable relatives for placement.

Appellant claims the trial court erred by finding it was in the best interests of the child to terminate appellant's residual parental rights. Appellant notes that she maintained a good relationship with the child and always kept her visits. Appellant asserts the pediatric psychiatrist established it would be detrimental to the child to cut appellant's ties with the child. However, the doctor qualified this opinion with the caveat that appellant's relationship with A.N. must be "healthy" and appellant must be supportive of the primary caregiver. Further, the doctor reported that A.N. was thriving in his foster home, the foster parents were providing excellent care for him and his special needs, and A.N. was emotionally attached to them. He opined that continuing

without a permanent plan for A.N. was detrimental to the child. The doctor also noted that upon returning from visits with appellant, the child's behavior deteriorated, such that he recommended visitation cease until appellant could get additional parenting guidance counseling.

A.N. had been in foster care for almost three years. Appellant was not making sufficient progress to remedy the conditions that precipitated foster care placement. A.N. was doing "remarkably well" and continuing "to really thrive and to really normalize" with his foster parents. None of the service providers and specialists who observed appellant and A.N. could recommend returning the child to appellant. The evidence supports the trial court's determination that it was in the best interests of the child to terminate appellant's residual parental rights. The decision is not plainly wrong. Accordingly, the trial court did not err in finding sufficient evidence that it was in the best interest of the child to terminate appellant's residual parental rights.

Appellant contends her due process rights were violated when the trial court considered her psychological evaluation. Although appellant objected to the use of the psychological evaluation, she did not object on due process grounds. Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. See Nelson v. Commonwealth, 50 Va. App. 413, 420-21, 650 S.E.2d 562, 566 (2007). A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

> The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.

Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. Rule 5A:18

applies to bar even constitutional claims." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). <u>See</u> Rule 5A:18.

Appellant did not advance this argument at trial. Accordingly, Rule 5A:18 bars our consideration of this issue on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. <u>See e.g.</u>, <u>Redman v. Commonwealth</u>, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Therefore, we will not consider this assignment of error pursuant to these exceptions.

Accordingly, the trial court did not err by terminating the mother's residual parental rights to the child. For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>