UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Russell, Malveaux and Senior Judge Clements
Argued by teleconference


GREGORY LEE WALLACE, S/K/A
 GREGORY LEE WALLACE, JR.

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1631-19-4                    JUDGE WESLEY G. RUSSELL, JR.
                                                              JULY 21, 2020
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                              J. Howe Brown, Jr., Judge Designate[1]

            Hannon E. Wright (Early Powell Rakness & Wright, PLC, on brief),
            for appellant.

            Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Gregory Lee Wallace was found by the trial court to have violated the conditions of his

previously suspended sentence.  Although he does not contest that he violated those conditions, he

contends that the trial court erred in imposing the remainder of his previously suspended

sentence in response to his violations.  Wallace further asserts that the trial court erred by

refusing his request to credit him for the time he was jailed while awaiting trial on unrelated

charges.  For the reasons that follow, we affirm the judgment of the trial court.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Multiple judges presided over the hearings related to Wallace's initial conviction and
the revocation proceedings that underlie this appeal.  Because the identity of which judge
presided over which hearing is immaterial to the issues raised by Wallace, the opinion does not
refer to the judges by name, but rather, refers to proceedings as being conducted by "the trial
court."  Judge Brown entered the final sentencing order in the revocation proceeding giving rise
to this appeal.

BACKGROUND[2]

In June 2009, Wallace pled guilty to a charge of possession of cocaine. Consistent with the terms of his plea agreement, he was convicted and sentenced to pay a fine and serve four years in the Virginia Department of Corrections, with three years and nine months of that sentence suspended. As a result of the suspended sentence, Wallace was placed on supervised probation.

Less than six months later, Wallace's probation officer filed a major violation report alleging that Wallace was in violation of the terms of probation. On February 17, 2010, the trial court held a revocation hearing and found Wallace in violation of the conditions of his suspended sentence. The trial court imposed the three years and nine months remaining on the initial sentence, but resuspended all but sixty days of the sentence and ordered that Wallace be returned to probation upon his release.

In December 2011, Wallace's probation officer again alleged that Wallace was in violation of the terms of probation. The trial court held a revocation hearing in January 2012. Finding Wallace again to be in violation of the conditions of his suspended sentence, the trial court imposed the three years and seven months remaining on the initial sentence; however, it resuspended all but six months of the sentence and ordered that Wallace be returned to probation upon his release.

In February 2013, Wallace's probation officer filed yet another major violation report alleging that Wallace was in violation of the terms of probation. In February 2015, the trial court held another revocation hearing and found Wallace to be in violation of the conditions of his suspended sentence. The trial court imposed the three years and one month remaining on the initial sentence, but resuspended all but seven months of that sentence. The trial court ordered that Wallace be returned to probation upon his release.

---

[2] We state the evidence in the light most favorable to the Commonwealth because it was the prevailing party in the proceedings below. See Gerald v. Commonwealth, 295 Va. 469, 472 (2018).

In January 2016, Wallace's probation officer filed yet another major violation report alleging that Wallace had again violated the terms of probation. The trial court once again found Wallace in violation of the conditions of his suspended sentence. The trial court imposed the two years and six months remaining on the initial sentence, but resuspended all but six months of that sentence. The trial court ordered that Wallace be returned to probation upon his release.

In November 2017, Wallace's probation officer issued another major violation report alleging that Wallace again had violated the terms of probation. As a result, the trial court issued a show cause order regarding the alleged violation.

After several continuances of the matter, Wallace appeared in the trial court related to the show cause on May 21, 2018. At that time, a revocation hearing date was set, and Wallace was recognized to appear at that hearing. However, at the same hearing, Wallace also was arraigned on multiple new felony charges relating to firearm offenses. The new firearms charges were not the subject of the major violation report, and thus, were wholly unrelated to the revocation proceeding. Wallace was held without bond on the new felony charges.

Over the next several months, the revocation hearing was continued on multiple occasions.[3] While the matter was pending, Wallace filed a motion regarding the time he was jailed while awaiting trial on the wholly unrelated felony firearms charges. Specifically, he averred that he had been jailed awaiting trial on those charges "for approximately 9 months" after his arrest on November 28, 2017, that "a jury acquitted [him] of one count of possession of a firearm by a previously convicted non-violent felon" on August 10, 2018, and that the trial court had "granted the Commonwealth's attorney's motion to *n[o]lle prosequi* the remaining [firearms] charges" on August 28, 2018. Citing Code § 53.1-187, Wallace "request[ed] that if he

---

[3] The continuances were the result of motions made by Wallace. He sought continuances because he had additional, unrelated charges pending in another jurisdiction and wished to resolve those charges before proceeding with the revocation hearing.

- 3 -

is found in violation of his probation and if any active incarceration time is ordered, that he be given credit for time served awaiting trial" on the unrelated firearms charges. In seeking this relief, Wallace did not contend that the trial court was required by the United States Constitution or Code § 53.1-187 to give him credit for time served on the unrelated charges, expressly stating "[t]hat because a show cause was issued for the probation violation," he was not entitled to "automatically receive credit for the time served[.]"

The trial court held the revocation hearing on January 17, 2019. Wallace's probation officer testified that Wallace had violated the terms of probation in that he had tested positive for marijuana. Wallace testified at length and advised the trial court that his many children were the most important things in his life, that he was trying to become a productive member of society, and that he wanted to be a better father to his children. He further advised the trial court that he intended to move to Washington, D.C. where he had more resources and a better support system.

Prior to the trial court making its finding, Wallace raised the issue he had raised in his previously filed written motion, that, if the trial court imposed an active sentence, it should award him credit for the time he spent in jail awaiting trial for the unrelated felony firearms offenses. Specifically, he argued that

> So, we believe under the statute[, Code § 53.1-187,] *it's within the [j]udge's discretion* to allow . . . credit for time served . . . . If the [trial c]ourt doesn't feel it's within the [trial c]ourt's authority to do so, we'd still ask for consideration of that when facing sentence of Mr. Wallace. So, we'd ask for that nine month time served to be his punishment and then for him to be placed back on probation.

(Emphasis added). As with his written motion, Wallace did not assert that either the United States Constitution or Code § 53.1-187 required the trial court to credit him for the time he spent in jail on the unrelated firearms charges.

Having heard the evidence and the arguments of the parties, the trial court made its ruling from the bench, stating:

- 4 -

> All right, so what I'm going to do is revoke the outstanding two years and delay imposition to a date certain and give you the opportunity to stand behind what you've said today. So I'm---I've written this down, if you're fully compliant when you come back, the [c]ourt will suspend the sentence on terms and conditions. If you come back and you're not compliant then you could expect to serve the two years. You understand?

Wallace responded that he understood the trial court's remarks, and the status hearing was set for August 27, 2019. The trial court recognized Wallace for his appearance on that date.

At that hearing, the probation officer testified that, since the last hearing, Wallace had been convicted of two counts of possession of marijuana, had missed several scheduled appointments, had tested positive for marijuana in May, and had declined to provide a urine sample on two other occasions when one had been requested. Additionally, Wallace had failed to appear three times in the Culpeper Juvenile and Domestic Relations District Court, and he was jailed for those failure to appear offenses.

Wallace testified and offered his explanations for his various failures to comply with the conditions the trial court had imposed. In argument, his counsel stressed that at least some of the new convictions were for conduct that occurred before the January 2019 revocation hearing. His counsel also again requested that the trial court offset any active sentence it imposed with credit for the time Wallace spent in jail awaiting trial on the unrelated firearms charges. Again, Wallace did not assert that any constitutional provision or Code § 53.1-187 required the trial court to award him credit for that time.

In response to Wallace's failure to comply with the conditions he had been given at the January 2019 revocation hearing and his request for credit for time served on the unrelated charges, the trial court stated:

> You know, the [trial court] has bent over backwards for this man . . . , and he had pretty simple things to do since January. Just attend the meetings and---and keep clean. That's all he had to do. And he couldn't do it. And so the time has come to serve, and let

me point out to you that the---the guidelines are well in excess of the two years that he has left, so it just---he needs to serve the time and be done with this and go on with his life. The time is up. I impose the two years and if he has served any time on these charges, in this probation violation, he will be given credit. . . . [H]e won't be given credit for . . . other charges.

The trial court then remanded Wallace into custody for him to serve the two years remaining on his original sentence from 2009.

Wallace now appeals, asserting two alleged errors. First, he contends that "[t]he trial court abused its discretion [in] imposing . . . the entirety of his remaining sentence" from the 2009 conviction.[4] Second, for the first time on appeal, he asserts that "the Sixth and Fourteenth Amendments of the U.S. Constitution" and Code § 53.1-187 required the trial court to award him credit against his sentence for the time he spent in jail awaiting trial on the unrelated firearms charges.

ANALYSIS

I. Standard of review

Sentencing "decisions—if within the lawful boundaries of applicable sentencing statutes and constitutional limitations—are vested in the sound discretion of trial judges, not appellate judges." Du v. Commonwealth, 292 Va. 555, 563 (2016). Accordingly, we review Wallace's challenge to the trial court's decision to impose the remainder of his previously suspended sentence for an abuse of discretion. Jacobs v. Commonwealth, 61 Va. App. 529, 535 (2013).

Wallace's second assignment of error, that the trial court erred by failing to grant him credit for time served awaiting trial on unrelated charges, involves the interpretation of the

---

[4] In February 2020, Wallace filed two *pro se* motions seeking leave to file a supplemental brief in addition to the then pending petition for appeal that had been filed by his counsel. On March 10, 2020, a judge of this Court granted Wallace's petition for appeal in its entirety, mooting Wallace's motions to file a *pro se* brief in support of the petition. Accordingly, we deny said motions.

United States Constitution, Code § 53.1-187, and, given our resolution, the Rules of the Supreme Court of Virginia. As such, it presents a question of law subject to *de novo* review. Minor v. Commonwealth, 66 Va. App. 728, 738 (2016).

## II. Imposition of previously suspended sentence

"A Virginia trial court 'clearly' acts within the scope of its sentencing authority 'when it chooses a point within the permitted statutory range' at which to fix punishment." Du, 292 Va. at 564 (quoting Alston v. Commonwealth, 274 Va. 759, 771 (2007)). In the ordinary course, "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." Id. at 565 (quoting Dorszynski v. United States, 418 U.S. 424, 431 (1974)). Here, there is no dispute that Wallace's original sentence in 2009, a fine and four years of incarceration, fell within the permissible statutory range. Nevertheless, Wallace contends that the trial court's imposition of a portion of that sentence, which the trial court previously had suspended, constituted an abuse of discretion.

A trial court's decision to suspend some or all of a valid sentence "represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" Price v. Commonwealth, 51 Va. App. 443, 448 (2008) (quoting Pierce v. Commonwealth, 48 Va. App. 660, 667 (2006)). Code § 19.2-303 provides that, having imposed a sentence, a trial "court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine[.]" The only limitation on a trial court's ability to impose such conditions is that the conditions must be reasonable. Du, 292 Va. at 563.

When the beneficiary of a suspended sentence is alleged to have violated the conditions of the suspended sentence, the proceedings are governed by Code § 19.2-306. Pertinent here, Code § 19.2-306(A) provides that the trial "court may revoke the suspension of sentence for any

cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(C)(ii) provides that, if the trial court finds a defendant to have violated the terms of his suspended sentence, it "shall revoke the suspension and the original sentence shall be in full force and effect." The statute then provides that the trial "court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation." Code § 19.2-306(C). Accordingly, "[w]hen a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." Alsberry v. Commonwealth, 39 Va. App. 314, 320 (2002).

Much as there was no dispute that the original four-year sentence fell within the statutory range, there is no dispute that the conditions the trial court imposed when it suspended portions of that sentence over time were reasonable and that Wallace repeatedly violated those conditions, including violating them in the manner alleged in the revocation hearing that gives rise to this appeal. With that established, the trial court properly revoked the remaining two years left on the original sentence. See Code § 19.2-306(C)(ii) (upon finding a violation, a trial court "shall revoke the suspension and the original sentence shall be in full force and effect[]"). Although Code § 19.2-306(C) permitted the trial court to resuspend some portion of the remainder of the original sentence, it did not require the trial court to do so. In the face of undisputed violations of the conditions of a suspended sentence, a trial court does not abuse its discretion when, consistent with Code § 19.2-306(C)(ii), it revokes the suspended sentence and imposes the active term of incarceration that it initially had imposed upon conviction.[5] Accordingly, the trial court

_____

[5] Although a trial court may impose all of the remainder of an original, suspended sentence upon a defendant's first violation of the conditions of the suspension, the reasonableness of the trial court's decision here is underscored by Wallace's history of repeated violations. In the ten years since he initially was sentenced, Wallace formally was found to have violated the conditions of his suspended sentence on six occasions. When the trial court made

did not err in imposing the remainder of the original sentence, and its judgment in this regard is affirmed.

### III. Claim regarding credit for time served on unrelated charges

For the first time on appeal, Wallace asserts that "the Sixth and Fourteenth Amendments of the U.S. Constitution" and Code § 53.1-187[6] *required* the trial court to award him credit against his sentence for the time he spent in jail awaiting trial on the unrelated firearms charges. Wallace never made this argument in the trial court. In fact, he took a contrary position, arguing that the trial court could, but was not required to, award him such credit. As a result and for the reasons that follow, Wallace's current argument is not properly before us. Accordingly, we affirm the judgment of the trial court.

Rule 5A:18, which is often referred to as the contemporaneous objection rule, provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling[.]"[7] The purpose of the rule "is to allow the trial court a fair opportunity to resolve the issue at trial[.]" Creamer v. Commonwealth, 64 Va. App. 185, 195 (2015). In order to have a fair opportunity to resolve an

---

the finding of the sixth violation in the proceeding giving rise to this appeal, it did not immediately impose the ultimate sentence, but rather, gave Wallace yet another chance. Only after Wallace, despite having been warned that failure to comply would result in the entire remaining sentence being imposed failed again to comply with the conditions, did the trial court impose the remainder of the original sentence.

[6] Code § 53.1-187 provides that:

> Any person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term all time actually spent by the person . . . in a state or local correctional facility awaiting trial or pending an appeal . . . . When entering the final order in any such case, the [trial] court shall provide that the person so convicted be given credit for the time so spent.

[7] Although there are limited exceptions to the bar imposed by Rule 5A:18, Wallace has not argued that those exceptions are applicable here.

issue, a trial court must be alerted to the precise issue being raised, see Kelly v. Commonwealth, 42 Va. App. 347, 354 (2004), and thus, the rule requires that arguments be made with specificity in order to preserve an issue for appeal, Nelson v. Commonwealth, 50 Va. App. 413, 420-21 (2007); see also Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*) (holding that, pursuant to the Rule, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review"). The bar of Rule 5A:18 applies to both non-constitutional and constitutional claims. Le v. Commonwealth, 65 Va. App. 66, 75 (2015) (recognizing that "we have repeatedly held that even constitutional claims can be barred by Rule 5A:18").

In the proceedings below, Wallace never argued that "the Sixth and Fourteenth Amendments of the U.S. Constitution, require[]" he be given credit for the time he spent in jail awaiting trial on unrelated charges. His written motion seeking such credit does not reference the Sixth Amendment, the Fourteenth Amendment, or any provision of the Constitution. Similarly, his oral arguments to the trial court seeking such credit do not raise the referenced amendments or any other portion of the United States Constitution as a basis for the relief sought. Because Wallace never raised a constitutional claim in the trial court, he cannot assert one on appeal. Rule 5A:18.

In both his written motion and in his oral arguments in the trial court seeking credit for the time he spent in jail while awaiting trial on unrelated offenses, Wallace *did* cite to Code § 53.1-187. In doing so, however, he did not argue, as he does on appeal, that the statute *required* the trial court to give him credit for the time he spent in jail awaiting trial on unrelated charges. To the contrary, Wallace argued below that, under the terms of the statute, he "would not automatically receive credit for the time he spent awaiting trial" on the unrelated charges and

that the decision to grant him such credit lay entirely "within the [j]udge's discretion[.]"[8]

Because Wallace never argued in the trial court that Code § 53.1-187 *required* the trial court to give him credit for the time he spent in jail awaiting trial on unrelated charges, he may not do so on appeal. Rule 5A:18; Edwards, 41 Va. App. at 760. Accordingly, the judgment of the trial court is affirmed.[9]

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

---

[8] When asked during oral argument in this Court about the change in position, Wallace's counsel, with credible candor, conceded that the argument had changed. He said that it was "correct" to say that the argument in the trial court was that the judge had discretion to award credit for time served, but was not required to do so. Furthermore, counsel conceded that, to grant Wallace the relief he sought on the grounds advanced on appeal, we would have to conclude that Wallace was not bound by the contrary position taken in the trial court. See generally Nelson v. Commonwealth, 71 Va. App. 397, 404-05 (2020) (recognizing that a litigant may not advance on appeal an argument that is inconsistent with the position asserted at trial).

[9] On two occasions after he was convicted, Wallace, by counsel, requested the trial court release him on bond while his appeal was pending. The trial court denied those requests. On April 22, 2020, Wallace, despite being represented by counsel, lodged a *pro se* motion for a bond pending appeal with the Clerk of this Court. On June 18, 2020, less than a week before oral argument in this case, Wallace, by counsel, filed a motion for bond pending appeal with the Clerk of this Court. Given our resolution of the matter, we deny Wallace's request for bond pending appeal.